## ESAREY *v.* BUHNER FERTILIZER COMPANY

[No. 17,458. Filed December 4, 1946. Rehearing Denied
January 10, 1947. Transfer Denied March 25, 1947.]

*Adney & Adney,* of Lebanon, and *Sol H. Esarey,* of Indianapolis, for appellant.

*Rogers & Swaim,* of Lebanon, for appellee.

FLANAGAN, J.—Judgment in the trial court was for appellee upon its complaint in two paragraphs, the first upon a note and the second upon an account.

Appellant complains (1) that the court erred in over-ruling its motion to strike appellee's complaint from the files, (2) that appellee's proof of a lost note was improper, (3) that recovery on a special contract was permitted where the action was on general assumpsit, (4) of error in the assessment of the amount of recovery, and (5) that the court failed to give full faith and credit to a judgment of the United States District Court of the Middle District of North Carolina.

On June 23, 1943, appellant filed interrogatories and appellee was ordered to answer them by July 2, 1943. On July 6, 1943, the interrogatories not having been answered, appellant filed his motion to strike appellee's complaint from the files. The court did not rule on the motion and finally on April 10, 1944, the answers to the interrogatories were duly filed. Appellant insists that his motion to strike should have been sustained, but inasmuch as the interrogatories were answered well in advance of trial it does not appear that appellant was harmed by the delay.

Appellant next contends that no action at law can be maintained on a lost note, but the owner may sue in

equity upon giving adequate indemnity. The note here involved was payable to the order of appellee, had always been held by appellee and it had never been indorsed. Therefore no subsequent holder could show a title so as to maintain an action on it. Such being the situation an action at law is maintainable. *Dean* v. *Speakman* (1844), 7 Blkf. 317; *Depew* v. *Wheelan* (1843), 6 Blkf. 485.

Appellant next contends that where an action is brought in general assumpsit recovery cannot be made when it appears there was a special contract. In the instant case the special contract was fully performed on appellee's part, so that nothing remained unexecuted but appellant's obligation to pay. Appellee could therefore and did bring its action upon appellant's implied obligation to pay rather than upon the express undertaking of the original contract. The special contract therefore merely marks the maximum of what may be recovered. *Board, etc.* v. *Gibson* (1902), 158 Ind. 471, 63 N. E. 982; *Jackson* v. *Creek* (1911), 47 Ind. App. 541, 94 N. E. 416; *Peden* v. *Scott* (1905), 35 Ind. App. 370, 73 N. E. 1099; 4 Am. Juris., p. 498.

The first paragraph of complaint was on a note in the principal sum of $685 and the second paragraph of complaint was on an open account which showed a balance due of $81.22. The court found that there was due appellee $320.73 on the first paragraph, and $235.71 on the second paragraph. Appellant complains about the amount of the recovery on the second paragraph being more than the amount claimed due.

It developed in the evidence that a payment of $500 had been received by appellee from appellant with instructions to apply part of it on the note. However,

it had all been applied on the account. When this error was corrected the amount due on the note became less and the amount due on the account correspondingly larger. The second paragraph of complaint could and should have been amended in the trial court to conform with the evidence and we will consider it as so amended here. § 2-3231, Burns' 1933, § 505, Baldwin's 1934.

Appellant sought by counterclaim to recover a judgment from appellee on the theory that appellee had violated the anti-trust laws. The only evidence offered to sustain the counterclaim was a copy of the judgment of the United States District Court for the Middle District of North Carolina. However, that judgment was entered upon a plea of *nolo contendere* by appellee. Such a plea is an admission of guilt only in the case in which it is pleaded, and it cannot be used as an admission of guilt in a civil case for the same act. Further, it does not create an estoppel, and the defendant is not estopped in a subsequent civil proceeding to deny the facts upon which the prosecution was based. *Twin Ports Oil Co.* v. *Pure Oil Co.* (1939), 26 F. Supp. 366; *Barnsdale Refining Corp.* v. *Birnamwood Oil Co.* (1940), 32 F. Supp. 308.

We find no reversible error in the record. Judgment affirmed.

NOTE.—Reported in 69 N. E. (2d) 755.