## 34425.   NELSON *v.* THE STATE.

DECIDED JANUARY 29, 1953—REHEARING DENIED FEBRUARY 20, 1953.

H. Dale Thompson, James F. Nelson, for plaintiff in error.
Oscar L. Long, Solicitor, contra.

GARDNER, P. J.   The defendant Nelson insists that the plea of
nolo contendere interposed by him to the accusation from the
City Court of Macon, whereby he is charged with operating a
motor vehicle upon the public highways of this State under the
influence of intoxicating liquor, which plea the court allowed,
prevented the court from legally suspending his driver's license
for a period of sixty days, upon imposing sentence upon him for
such operation; and that, therefore, so much of the judgment
and sentence of the court as suspended such license was con-
trary to law and invalid.

Our law relative to pleas of nolo contendere is set forth in the
Publishers' Pocket Supplement to the Code of 1933, in three
sections.   Section 27-1408 reads to the effect that in all cases
except capital felonies, the trial court is authorized to allow a
defendant to interpose a plea of nolo contendere, in lieu of a
plea of guilty or of not guilty.   Section 27-1409 of said supple-
ment is that, where a plea of nolo contendere has been made by
the defendant, the court has the same power to impose a sen-
tence upon such defendant as the court would have had if the
defendant had interposed a plea of guilty or the jury had re-
turned a verdict of guilty, and that "Should such judge allow
said plea of nolo contendere to be entered, he shall thereupon be
authorized to impose such sentence as may be authorized by the
statute as to the offense charged."   The next and last section
dealing with such pleas, Code § 27-1410 of said Supplement,
provides as follows: "Such plea of nolo contendere shall not be
used against the defendant in any other court or proceedings as
an admission of guilt, or otherwise, or for any purpose, and
such plea shall not be deemed a plea of guilty for the purpose
of effecting any civil disqualification of the defendant to hold
public office, to vote, to serve upon any jury, or any other civil

646

disqualification now imposed upon a person convicted of any offense under the laws of this State, and said plea shall be deemed and held to be jeopardy of the defendant within the meaning of Article I, Section I, Paragraph VIII of the Constitution of the State of Georgia [§ 2-108] after sentence has been imposed." See Ga. L. 1946, p. 142.

The plea of nolo contendere is comparatively new to our State criminal procedure. Such pleas in Georgia are entirely of statutory origin. Prior to said act of 1946, quoted above, no such procedure was embraced in our law, although pleas of nolo contendere had been in use in our Federal district courts. Therefore, we must look to the provisions of the statute in determining whether or not the contentions of the defendant here are well founded.

Code § 92A-9908 of the Publishers' Pocket Supplement to the Code as amended in 1951 (Ga. L. 1951, pp. 598, 604), giving to the courts of this State power to suspend drivers' licenses, provides: "Upon the conviction of any licensee hereunder in any court of competent jurisdiction in this State of any offense, of driving a motor vehicle while intoxicated, or driving a motor vehicle while engaged in a felony, or deliberately, wilfully or negligently violating any traffic law of this State, or any municipality thereof, the court trying the same is hereby given authority and jurisdiction upon such licensee being adjudged guilty to cancel or suspend the license of such defendant for such time and on such conditions as the court may deem proper, and in the event that the court should place such licensee under probation, it is hereby provided, that the court shall retain jurisdiction of said case during the period of probation with the right and power to suspend or revoke the license as the court may deem in keeping with the public safety. It shall be the duty of the clerk of the court trying the case to immediately transmit a certified copy of the sentence and judgment to the Department of Public Safety. The clerk to receive his usual cost of such certificate." Code (Ann. Supp.) § 92A-434 (Ga. L. 1937, pp. 322, 348; 1939, pp. 135, 141; 1943, pp. 196, 201) gives power to the Director of the Department of Public Safety "in his discretion" to "revoke the license of any operator or chauffeur upon receiving the record of such operator's or chauffeur's conviction

of any of the following offenses." Then follows a statement of the offenses referred to, including the operation of motor vehicles under the influence of intoxicating liquor or drugs. Prior to the amendment of 1951, supra, the Director of the Department of Public Safety only had the power to suspend drivers' licenses. Said amendment altered this situation and provided that, upon "conviction of any licensee hereunder in any court of competent jurisdiction . . of driving a motor vehicle while intoxicated . . the court trying the same is hereby given authority and jurisdiction upon such licensee being adjudged guilty to cancel or suspend the license of such defendant for such time and on such conditions as the court may deem proper."

Until the year 1937 persons operating motor vehicles in this State were not required to first obtain a license to do so. It is now the law that, after submitting to an examination or test as to ability and fitness to drive an automobile and upon payment of the required fee, any person above 16 years of age may obtain a license to drive a motor vehicle upon the streets and highways of Georgia. To operate an automobile without first obtaining such license is now an infraction of our laws which are enacted for the public safety to regulate the use of our public streets and roads and to make them more safe for persons to travel. See Ga. L. 1937, supra, as amended. This is wise legislation, designed for our safety and protection. Its purpose is to prevent indiscriminate driving of motor vehicles of any kind upon Georgia's vehicular traffic routes by inexperienced, incompetent, or improper persons. One of the most serious hazards of modern everyday life is the injury and damage, daily occurring in this State and elsewhere, resulting from the careless, incompetent, and unlawful operation of automobiles and other motor vehicles along the roads and highways, and one of the principal causes thereof is the operation by persons of such vehicles while in an intoxicated or drunken condition. Georgia's lawmakers, to curb this modern menace and lessen the casualties resulting therefrom, enacted our traffic laws (Code, § 68-301, et seq.), and have now sought to eliminate, so far as possible, the inexperienced, incompetent, and criminal operation of such vehicles by requiring licenses to drive, the right to obtain which is dependent upon one's ability to drive an automobile.

The right to drive an automobile upon our highways is now dependent upon the operator of the motor vehicle having a license from the State authorities to do so, and the right to continue the operation and to keep the license to drive is dependent upon the manner in which the licensee exercises this right. The right is not absolute, but is a privilege given to all qualified persons upon compliance with the requirements and, while it cannot be revoked without reason, it can be constitutionally revoked or suspended for any cause having to do with public safety. The right to drive a motor vehicle and the right to obtain a license to do so is a civil right, which is regulated by legislation, but which every person is entitled to if he meets the requirements and qualifications. The defendant Nelson contends that this being so, the court was without the power and authority to revoke or suspend the right which had been granted to him to drive a motor vehicle upon the streets and highways of Georgia, even though he had been adjudged guilty of driving an automobile upon a public street or highway of this State while under the influence of intoxicating liquors in violation of our motor vehicle laws (Code, § 68-307), where he had entered a plea of nolo contendere to the accusation or indictment charging him with such offense. While the defendant has been adjudged guilty and convicted of said offense, and the act of 1937 (Ga. L. 1937, pp. 322, 348), as amended in 1951 (Ga. L. 1951, pp. 598, 604), gives to our State courts power and authority to suspend licenses to drive in cases of persons found guilty of operating a motor vehicle while under the influence of intoxicating liquor—the act of 1946, providing for the plea of nolo contendere, plainly and specifically provides that it shall not be deemed "a plea of guilty for the purpose of effecting . . any other civil disqualification [of the defendant] now imposed upon a person convicted of any offense under the laws of this State," and plainly and specifically states that this plea shall not be used so as to affect any civil right; and to suspend or revoke a driver's license, is plainly a civil disqualification as to the sentence imposed upon him for driving a motor vehicle on a public highway while under the influence of intoxicating liquors, which sentence is based upon and follows the plea of nolo contendere made by him and allowed by the court. Con-

sequently, the sentence is invalid in so effecting such civil disqualification of the defendant, being rendered without authority under the law and in contravention of the plain and certain language of the legislature. See *Wright* v. *State, 75 Ga. App.* 764, 766 (44 S. E. 2d, 569); *Key* v. *State, 83 Ga. App.* 839, 840 (65 S. E. 2d, 278) both dealing with pleas of nolo contendere and the statute under which same were created. Therefore, the suspension or revocation by the court of the defendant's driver's license, under a plea of nolo contendere, amounts to effecting a civil disqualification upon such defendant, such as is plainly and specifically inhibited by the provisions of said act of 1946, supra.

It must be kept in mind that the presiding judge has the privilege of accepting or not accepting the plea of nolo contendere. It therefore follows that so much of the sentence imposed which suspended the driver's license of the movant is reversed and the sentence otherwise imposed is affirmed.

*Judgment affirmed in part and reversed in part. Townsend and Carlisle, JJ., concur.*