45301. WINDSOR FOREST, INC. v. ROCKER et al.

DEEN, Judge. 1. Former *Code* § 110-706 which provided for the setting aside of a verdict obtained by perjury, but only if "the person charged with such perjury shall have been thereof duly convicted" was repealed by the Civil Practice Act (Ga. L. 1966, p. 609 et seq.). Extraordinary motions for new trial are still available procedures under *Code Ann.* § 70-301 and *Code Ann.* § 81A-160 (c) (f). We agree with counsel for the appellant that they are applicable where a verdict and judgment are based on the testimony of a witness who is subsequently found guilty of perjury. *Coggeshall v. Park,* 162 Ga. 78 (2) (132 SE 632); *Harper v. Mayes,* 210 Ga. 183 (2) (78 SE2d 490).

2. In *Wright v. State,* 75 Ga. App. 764 (1) (44 SE2d 569) it was held that a plea of nolo contendere "differs from a plea of guilty only in that it cannot be used against the defendant in any other court or proceedings as an admission of guilt, or otherwise, or for any purpose, and it is not a plea of guilty for the purpose of effecting civil disqualifications." In otherwords, the plea itself cannot be used in another case as an admission of guilt. Nevertheless, in *Nelson v. State,* 87 Ga. App. 644, 648 (75 SE2d 39) a defendant sentenced under such a plea was held to have been "adjudged guilty and convicted." This accords with general law that a sentence based on a plea of nolo contendere is a conviction (Commonwealth v. Ingersoll, 145 Mass. 381 (14 NE 449); Schad v. McNinch, 103 W. Va. 44 (136 SE 865); Buck v. Commonwealth, 107 Pa. 486, 489) but that the plea is technical only and does not constitute an admission of guilt in any other case (Barker v. Almy, 20 R. I. 367 (39 A 185); State v. Thrower, 272 Ala. 344 (131 S2d 420)), not even in a civil

case involving the same act (Esarey v. Buhner Fertilizer Co., 117 Ind. App. 291 (69 NE2d 755)). The U. S. Court of Appeals for the Fifth Circuit consistently holds that the plea "is not admissible either as an admission or as proof of guilt" in any other case (Piassick v. U. S., 253 F2d 658, 661) and that evidence of conviction under such a plea is equally inadmissible, for the same reason.

3. It follows from the above that prior cases dealing with the grant of a new trial on proof of conviction of perjury must be modified both by considering the fact of the repeal of *Code* § 110-706 and by recognizing the difference between a sentence based on a plea of nolo contendere and one based on a trial or plea of guilty. The case will accordingly be dealt with as coming within the general ambit of extraordinary motions for new trial which rest largely within the discretion of the trial court, whose judgment will not be interfered with unless that discretion has been manifestly abused. *Gilpin v. Swainsboro Ice &c. Co.*, 75 Ga. App. 574 (44 SE2d 168); *Holder v. Farmers' Exch. Bank of Stillmore*, 30 Ga. App. 400 (118 SE 467).

4. There is no doubt that the verdict in *Windsor Forest, Inc. v. Rocker*, 115 Ga. App. 317 (154 SE2d 627) was dependent on the testimony of Dobbs, a bricklayer who testified that defective mortar was used in the brickwork on the plaintiff's house and that the defendant through its superintendent had knowledge of this fact. If, therefore, Dobbs committed perjury, the defendant has a right to a new trial. The judge hearing the extraordinary motion for new trial refused to grant the motion based merely on proof of Dobbs' plea of nolo contendere to an indictment for perjury based on this evidence, but himself undertook to hear evidence regarding the truth or falsity of the testimony. Dobbs testified at this time, contended that his testimony on the former trial, with the exception of a mistake in date for which he had a reasonable explanation, was correct, that he had not been guilty of perjury and that he had not had sufficient funds to employ counsel of his choice for a full trial and had followed the advice of his counsel in filing the plea of nolo contendere. The latter part of this testimony was corroborated by the attorney. Appellant introduced an affidavit of the witness admitting that the prior testimony was false, which affidavit had apparently formed the basis for the indictment, but the

witness, who was illiterate, denied knowledge of the admissions in the paper which he signed and it further appeared that the affidavit itself had been prepared by an attorney in another State prior to his first interview with the witness, and prior to any specific information on his part as to what had actually transpired. There was also testimony that the witness had been induced to "co-operate" by statements that he could receive a prison sentence of up to ten years, and that if he reneged on his former statements he "would not serve a day." From the decision of the trial judge it is obvious that after hearing the witness he came to the conclusion that Dobbs' testimony on the hearing of the extraordinary motion for new trial was true; that his testimony on the trial of the civil action was substantially true, and that the affidavit was false. Since a conviction based on a plea of nolo contendere involves neither a trial nor an admission of guilt except for the purposes of the criminal case, we find no abuse of discretion in going back of the technical conviction to determine as a matter of fact whether the decision in the civil action was grounded on perjury. Since the evidence supported the conclusion that it was not, the denial of the extraordinary motion is

*Affirmed. Hall, P. J., and Evans, J., concur.*

ARGUED APRIL 14, 1970—DECIDED MAY 20, 1970.

*Lewis, Lewis, Spearman & Bynum, Joe H. Bynum, Jr.,* for appellant.

*Nall, Miller, Cadenhead & Dennis, A. Paul Cadenhead, John G. Morris,* for appellees.