## 65263. LoGIUDICE v. THE STATE.

DEEN, Presiding Judge.

Thomas F. LoGiudice appeals from his conviction of possession of more than an ounce of marijuana with intent to distribute in violation of the Georgia Controlled Substances Act following a trial before a judge.

1. It was not error for the trial court to overrule appellant's motion to suppress. He contends that his fourth amendment rights were violated when the sheriff and GBI agents who were conducting a surveillance of his property for suspected illegal drug activities entered his property on July 6, 1981, through a back way by crossing a creek, climbing over a barbed wire fence, and through dense woods until they were within ten feet of a six and one-half foot chicken wire fence which enclosed a plot of marijuana. This plot was located approximately thirty-five feet from a travel trailer occupied by one Tammy Harms. The officers observed the field for approximately four to six hours before leaving and observed Ms. Harms fondling the marijuana plants. The next day the officers again entered the land and arrested Ms. Harms, after again observing her in the field and also observed LoGiudice and another man in the field. The sheriff then obtained a search warrant and arrested LoGiudice when it was executed. The officers discovered marijuana growing not only in the half-acre plot near the Kenskill trailer occupied by Harms, but also in an area close to the trailer occupied by LoGiudice and his wife which was located on a lake approximately 1,700 feet from the plot surrounded by the chicken wire fence. Appellant is apparently relying upon the arrest of Ms. Harms to support his claim that the search was illegal because of an illegal search of the curtilage of the

trailer in which she lived. The evidence, however, shows that while appellant owned the trailer he resided in the trailer near the lake approximately 1,700 feet from the large marijuana patch. He also contends that the agents were trespassing on his property as the land was posted and the gates were locked. The sheriff testified that only after his surveillance of the property did he learn that the property was posted and that the gates on the road leading to the property were locked.

The trial court correctly held that *Giddens v. State,* 156 Ga. App. 258 (274 SE2d 595) (1980) was controlling. That case relied upon Hester v. United States, 265 U. S. 57 (44 SC 445, 68 LE 898) (1923), wherein it was found that a similar trespass did not constitute a search of the defendant's house, person, papers or effects. Here, the sheriff testified that he did not seize any evidence until the search warrant was executed and had no prior notice that entry onto the property was forbidden. As to appellant's argument that the field adjacent to the Kenskill travel trailer was within the curtilage of a dwelling, he could not have any expectation of privacy in a dwelling in which he does not reside, and it is well established that the Fourth Amendment protects people, not places, against unreasonable searches and seizures. In *Kelley v. State,* 146 Ga. App. 179 (245 SE2d 872) (1978), a similar situation arose and this court found tents adjacent to a marijuana field and occupied by the defendants to be dwellings and the adjacent area to be within the curtilage. Even assuming that Ms. Harms was arrested within the curtilage of her residence and that LoGiudice had standing to complain of a search of the curtilage, the evidence indicated that the marijuana plants could be seen from ten feet outside the chicken wire fence. Moreover, it is possible that the marijuana field was not within the curtilage of Ms. Harms' trailer, as a registered land surveyor testified that the land separating her residence from the field was thickly wooded and rough. In view of all the above-mentioned facts, the trial court, as trier of fact on the motion to suppress, did not err in holding that the motion to suppress was without merit.

2. The trial court did not err in allowing into evidence items seized as a result of the search and certain statements made by appellant subsequent to his arrest. As the trial court found the search to be valid under the warrant, the seized evidence was properly admitted. The court also held a Jackson-Denno hearing and found his statements to have been made voluntarily.

3. The trial court did not abuse its discretion in denying appellant's motion for a continuance of the suppression hearing. *Pulliam v. State,* 236 Ga. 460 (224 SE2d 8) (1976); *Domingo v. State,* 211 Ga. 691 (88 SE2d 1) (1955).

4. In his final enumeration of error, the appellant claims that the trial court erred in denying his motion for the return of certain firearms seized when his residence was searched, imposing a forfeiture of the weapons to the Upson County Sheriff's department and crediting the appraised value of the weapons ($6,404) against the amount of the $10,000 fine which was imposed as a part of his sentence. We agree with this contention.

There is no evidence that the gun collection was contraband, as required under Code Ann. § 27-3101. (Even if it were contraband, the proper method for disposal of such items is set forth in Code Ann. §§ 3102 and 3103 and not the procedure followed in the instant case.) Once it was determined that the guns were not contraband (i.e., because they were not stolen property or used in the commission of a crime), they should have been immediately returned to the defendant or to some party designated by him to receive his property. The court's reasoning that Code Ann. § 26-2914 (a) prevented it from returning the weapons to a person who has been convicted of a felony is true insofar as it goes. However, these weapons did not have to be returned to the appellant. As they were his property, he must be free to dispose of them as he sees fit once he can no longer be allowed to possess them under the law. He must choose to either give them away or sell them by appointing someone to act as his agent to dispose of them. As there is no law in Georgia which specifies that these guns are contraband, they must be surrendered to the appellant's appointed agent. See *Balkcom v. Heptinstall,* 152 Ga. App. 539 (263 SE2d 275) (1979), wherein it was found that currency seized from a convicted felon who possessed it in violation of prison rules could not be confiscated by prison officials and appropriated to state use. (See Code § 77-329.2 for a remedy of the situation in *Balkcom.*)

*Judgment affirmed in part, reversed in part. Sognier and Pope, JJ., concur.*

DECIDED NOVEMBER 22, 1982 —
REHEARING DENIED DECEMBER 7, 1982 —

*Tommy R. Hankinson, Truitt A. Mallory,* for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, Paschal A. English, Jr., J. David Fowler, Assistant District Attorneys,* for appellee.