65277. KARLOVICH v. THE STATE.
65278. HARMS v. THE STATE.

BIRDSONG, Judge.
Stephen M. Karlovich and Tammy R. Harms were each convicted of possession of more than one ounce of marijuana in violation of the Controlled Substances Act and each was sentenced to serve three years. Each brings a separate appeal but enumerates the same error, i.e., denial of a motion to suppress evidence based upon an

alleged unlawful search and seizure. We have consolidated the two cases as one for the purposes of this appeal. *Held:*

The evidence reflects that one Thomas LoGiudice owned several hundred acres in rural Upson County. A great part of this land was heavily forested and obscured by thick, almost impenetrable underbrush. In 1980 the Upson County Sheriff received information that LoGiudice was using heavy equipment to clear part of his land late at night. A water pipe was laid 300 yards into the wooded area and then the contractor was informed that the owner would perform the rest of the work. The sheriff investigated this acreage in 1980 but found nothing irregular. In July 1981, the sheriff and several deputies again went onto the land and observed a marijuana field under cultivation and numerous plants growing. Harms was seen in the field that day. On the following day the sheriff went back and once again saw Harms, Karlovich and LoGiudice working the field. All were arrested and charged with possession of marijuana.

LoGiudice was tried and convicted and filed a separate appeal. See the affirmance of that conviction in *LoGiudice v. State,* 164 Ga. App. 709 (297 SE2d 499). Karlovich and Harms were jointly tried without jury and stipulated that all the facts concerning the merits of their case and the search and seizure issue were the same as appeared in the trial of LoGiudice. Those facts are basically as stated above, Karlovich was shown to have no ownership interest in the property and to have lived some distance away from the property. Harms lived in a house trailer only 35 feet from the marijuana field in controversy. The facts are undisputed that the field was separated by small hills, a thick growth of trees and underbrush and one could see only a portion of the trailer from the wire fence surrounding the field.

As to Karlovich, the trial court did not err in denying the motion to suppress. He had no standing to question the search of an open field lying on property owned by another and in which he had no proprietary interest. *Anderson v. State,* 133 Ga. App. 45, 46 (1) (209 SE2d 665). See also *Brisbane v. State,* 233 Ga. 339, 345 (211 SE2d 294); *Cuevas v. State,* 151 Ga. App. 605, 610 (260 SE2d 737).

Neither did the trial court err as to the denial of the motion by Harms. Though the argument was made that the marijuana was only 35 feet from the trailer occupied by Ms. Harms and thus arguably was within the curtilage of her home, the facts clearly show to the contrary. The field was separated from her residence as surely as from that of LoGiudice (1,700 feet). The curtilage pertains to land used as a part of one's home and therefore is under the same protection afforded the homesite by the Fourth Amendment to the Constitution. It is obvious however from the facts that Ms. Harms did not use the marijuana field as a part of her homesite (i. e., as a

vegetable or flower garden, for use of pets or her own recreation). This field was separated from her trailer and only part of the trailer was visible from the ten-foot chicken wire fence surrounding the field. In fact the marijuana was not visible to the eye further than ten feet from the field and obversely the inference is reasonably inescapable that one could not see the trailer from within the field. Thus Ms. Harms is faced with the same problem faced by Karlovich. The field was indeed nothing more than that — an open field and not a part of her homesite. She likewise has no standing to controvert the search of an open field owned by another.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED FEBRUARY 24, 1983 —
REHEARING DENIED MARCH 14, 1983 — 

*Edgar A. Fry, Bentley C. Adams III,* for appellants.
*Johnnie L. Caldwell, Jr., District Attorney, Paschal A. English, J. David Fowler, Assistant District Attorneys,* for appellee.