## 73210. GUNTER v. THE STATE.
### (356 SE2d 276)

BEASLEY, Judge.

Defendant was indicted for possession of diazepam and less than one ounce of marijuana in violation of the Georgia Controlled Substances Act. He pleaded nolo contendere to the charge on possession of diazepam and guilty to the charge on possession of marijuana. The trial court sentenced him to three years probation under the Georgia First Offender Act, OCGA § 42-8-60 et seq., and ordered him to pay a fine of $500. At the time of his arrest the police seized from defendant's van a revolver, a rifle and a shotgun.

After defendant was sentenced, he filed a motion for return of his property which was the subject only of the no-billed charge and was not related to the charges supporting the sentence. He invoked OCGA § 17-5-2, which requires return of certain seized property when a person is released without a charge relating thereto, unless it is contraband. The trial court denied defendant's motion and this appeal followed.

In his sole enumeration of error, defendant contends that the trial court erred in denying his motion for the return of property. We agree. This issue is controlled by our decision in *LoGiudice v. State*, 164 Ga. App. 709 (4) (297 SE2d 499) (1982): "There is no evidence

that the gun collection was contraband, as required under [OCGA § 17-5-51] . . . Once it was determined that the guns were not contraband (i.e., because they were not stolen property or used in the commission of a crime), they should have been immediately returned to the defendant or to some party designated by him to receive his property."

It is argued that defendant is not entitled to possess the guns because he is now a "convicted felon" due to his plea of nolo contendere to the felony charge in this case, and such possession would be violative of OCGA § 16-11-131 (b).

However, since he was dealt with under the First Offender Act, there has been no adjudication on the plea; it has simply been tendered and accepted for the purpose of imposing punishment which, if successfully completed by defendant, will relieve him of any judgment of guilt and hence of any conviction. OCGA § 42-8-62. That section expressly provides: "The discharge shall completely exonerate the defendant of any criminal purpose and shall not affect any of his civil rights or liberties; and the defendant shall not be considered to have a criminal conviction." The wording of OCGA §§ 42-8-63 and 42-8-64 also demonstrate that there is no conviction unless there is an adjudication following non-fulfillment of the court's terms.

As explained in *State v. Wiley*, 233 Ga. 316, 317 (210 SE2d 790) (1974): "Any probationary sentence entered under this Act is preliminary only, and, if completed without violation, permits the offender complete rehabilitation without the stigma of a felony conviction." Again in *Favors v. State*, 234 Ga. 80, 86 (214 SE2d 645) (1975), the Supreme Court states: "under our law, the formal act of 'conviction' is not completed for a person who satisfactorily completes the probationary period." We recognized this in *Hightower v. Gen. Motors Corp.*, 175 Ga. App. 112, 113 (1) (332 SE2d 336) (1985). The point is that while there is an acceptance of the plea for the purpose of imposing a period of probation, there is no adjudication based on that plea. Rather, the court act of adjudicating is suspended and will never occur if probation is fulfilled.

That being the case, there is no legal bar to the return of defendant's property as he has demanded. Whether a subsequent adjudication on his nolo plea, resulting from violation of probation, would subject him to a charge under OCGA § 16-11-131 (b) if he still possesses the guns, is a question for another day.

*Judgment reversed. Birdsong, C. J., Banke, P. J., Carley and Pope, JJ., concur. Deen, P. J., McMurray, P. J., Sognier and Benham, JJ., dissent.*

BENHAM, Judge, dissenting.
Appellant seeks return of the firearms to him rather than to his

designated agent, contending that the strictures of OCGA § 16-11-131 are not applicable to him because he is not a convicted felon. "Felony" is defined in OCGA § 16-11-131 (a) (1) as "any offense punishable by imprisonment for a term of one year or more . . ." Illegal possession of diazepam fits within the definition of felony. The question is whether the action taken on appellant's plea of nolo contendere under the First Offender Act amounts to a conviction so as to deprive him of the right to possess a firearm.

This court has held that one who has been sentenced after entering a plea of nolo contendere "has been adjudged guilty and convicted of said offense . . ." *Nelson v. State,* 87 Ga. App. 644, 648 (75 SE2d 39) (1953). "[A] sentence based on a plea of nolo contendere is a conviction [Cits.] . . ." *Windsor Forest v. Rocker,* 121 Ga. App. 773 (2) (175 SE2d 65) (1970). Because I have been unable to find Georgia case law on the ramifications of the entry of a plea under the First Offender Act on a defendant's ability to possess a firearm, I have turned to the decision of the U. S. Supreme Court in *Dickerson v. New Banner Institute,* 460 U. S. 103 (103 SC 986, 74 LE2d 845) (1983). In construing the applicability of the firearms disabilities contained in the Omnibus Crime Control & Safe Streets Act of 1968 (18 USCA § 921 et seq.), the Supreme Court equated entry and notation of a guilty plea, followed by the imposition of a sentence of probation pursuant to a law similar to the First Offender Act, with being "convicted." Combining the holdings of *Nelson,* supra, and *Windsor Forest,* supra, with that of the U. S. Supreme Court in *Dickerson,* supra, I conclude that the entry of a plea of guilty or nolo contendere under the First Offender Act, followed by the imposition of a sentence of probation is, for purposes of OCGA § 16-11-131, tantamount to being "convicted." Having been convicted of a felony by pleading nolo contendere and being sentenced therefor under the First Offender Act, appellant is not entitled to possess a firearm, and the guns at issue herein should not be returned to him.

I am authorized to state that Presiding Judge Deen, Presiding Judge McMurray, and Judge Sognier join in this dissent.

DECIDED APRIL 3, 1987 —

*Roman A. DeVille,* for appellant.
*Robert E. Wilson, District Attorney, James W. Richter, Barbara Conroy, Assistant District Attorneys,* for appellee.