UNITED STATES, Appellee,

v.

Staff Sergeant Kevin L. EVANS,
297–72–1485, United States
Army, Appellant.

ACMR 8702852.

U.S. Army Court of Military Review.

24 Aug. 1988.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Major Eric T. Franzen, JAGC, Captain Wayne D. Lambert, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC, Captain Eva M. Novak, JAGC (on brief).

Before DeFORD, KANE, and
WERNER Appellate Military Judges.

OPINION OF THE COURT

DeFORD, Senior Judge:

Appellant was tried by a military judge sitting as a special court-martial at Fort Benning, Georgia. Pursuant to his pleas, appellant was convicted of absence without leave and wrongful use of cocaine in violation of Articles 86 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 912a (1982 and Supp. II 1983). His approved sentence included a bad-conduct discharge and reduction to the grade of Private E1.

Appellant contends that the military judge erred by admitting during the sentencing portion of his court-martial a record adjudging the appellant a "first offender" for an offense under Georgia state law. He contends that the document was not in fact a record of final adjudication of guilt under Georgia law and consequently did not constitute a prior conviction for purposes of Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1001(b)(3) [hereinafter R.C.M.]. We agree that the trial judge erred in admitting the document in question, but hold that the appellant was not prejudiced by that error.

From the record, we find that the appellant, a 25–year–old noncommissioned officer, former ranger, and combat veteran,[1]

1. As an Army ranger, the appellant, participated      in the invasion of Grenada and was wounded

departed his unit without permission and remained away some 88 days. During the appellant's absence without leave, he was arrested, charged, and entered a plea of guilty to illegal possession of cocaine before the Superior Court of Muscogee County, Georgia. On 12 November 1987, the court afforded him "First Offender Treatment" under the Georgia First Offender Act, Ga.Code Ann. § 42–8–60, *et. seq.*

Appellant's arrest by Georgia authorities resulted in a urinalysis by military authorities which confirmed the appellant's use of cocaine as set forth in the Specification of Charge I to which the appellant entered a plea of guilty. Consequently, appellant's arrest and subsequent "first offender" disposition for the possession of cocaine and his conviction of wrongful use of cocaine at court-martial both arose essentially from what may described as a single event and/or transaction. During appellant's court-martial, a record of appellant's First Offender Treatment by the Georgia Superior Court was admitted over objection as a record of previous conviction.

The military judge, although aware of the foregoing factual circumstances, was not particularly disposed to sentence the appellant to a punitive discharge until the appellant requested that he do so in open court. Following a lengthy discussion with the appellant on the record concerning the effect of a bad-conduct discharge, the military judge sentenced the appellant to the punishments set forth above. However, he recommended that the convening authority suspend the bad-conduct discharge conditioned upon the appellant's submitting an administrative request for discharge. Following his conviction, the appellant made such a request through counsel. Upon advice of the staff judge advocate, the convening authority disregarded the military judge's recommendations, denied the request, and approved the findings of guilty and the sentence set forth above.

Rule for Courts–Martial 1001(b)(3)(A) authorizes the trial counsel to introduce evidence of military or civilian conviction of the accused. For purposes of this rule, there is a "conviction" in a court-martial case when a sentence has been adjudged. Previous convictions may be proved by evidence admissible under the Military Rules of Evidence. R.C.M. 1001(c)(3) (the military judge may relax the rules of evidence).

As an exception to the hearsay rule, Military Rule of Evidence [hereinafter Mil.R. Evid.] 803(22) permits admission of evidence of a "final judgment" entered after a trial or upon a plea of guilty adjudging a person guilty of a crime punishable by death, dishonorable discharge, or imprisonment in excess of one year.

A "conviction" has been defined in the general sense as the result of a criminal trial which ends in judgment or sentence that the accused is guilty as charged. *Black's Law Dictionary* 301 (5th ed. 1979). The term "conviction" has been defined in the Federal criminal law as meaning the final judgment on a verdict or finding of guilty, a plea of guilty, or a plea of *nolo contendere;* it does not include a final judgment which has been expunged by pardon, reversed, set aside or otherwise rendered nugatory. *See* 18 U.S.C. § 4251.

While Georgia law has no extraterritorial effect, Federal courts, in circumstances such as we have before us here, have traditionally looked to the decisions of the appellate courts of a state for interpretation and construction of the statutes of that State. *Cf. Minnesota ex rel. Pearson v. Probate Court,* 309 U.S. 270, 273, 60 S.Ct. 523, 525, 84 L.Ed. 744 (1940) (federal courts must respect the opinion of state courts in matters of state law).

The Georgia Supreme Court has on several occasions interpreted the Georgia First Offender Act. In *State v. Wiley,* that court considered an earlier version of the Georgia First Offender Act and stated:

Any probationary sentence entered under this act is preliminary only, and, if completed without violation, permits the offender complete rehabilitation without

during that campaign. He holds the following awards: the Purple Heart Award, Army Commendation Medal, Army Achievement Medal, Army Good Conduct Medal (1st Award), and a Combat Infantry Badge, among other service awards.

the stigma of a felony conviction. If, however, such offender does not take advantage of such opportunity for rehabilitation, his trial which has, in effect, been suspended is continued and an adjudication of guilt is made and a sentence is entered.... If, by violating the terms of his probation, the defendant shows that he is not worthy of the offered opportunity for rehabilitation then, and only then is he sentenced to the penitentiary. No former adjudication of guilt having been made and no prior sentence having been entered thereon, the defendant is subject to receive any sentence permitted by law for the offense he has been found guilty of committing.

*State v. Wiley*, 233 Ga. 316, 210 S.E.2d 790, 791 (1974).

In *Gunter v. State*, 182 Ga.App. 548, 356 S.E.2d 276 (1987), the Georgia Court of Appeals considered the statute under which appellant was given first offender treatment and, citing with approval *Favors v. State*, 234 Ga. 80, 214 S.E.2d 645 (1975), held, in effect, that an adjudication under the Georgia First Offender Act is not a formal act of conviction; rather, the court's adjudication is suspended and a final adjudication of guilt will never occur if probation is fulfilled.

Accordingly, we hold that appellant's probationary status under the Georgia First Offender Act did not constitute a final conviction under R.C.M. 1001(b)(3) and the military judge erred in admitting evidence of this judicial disposition during sentencing.

■ We must determine whether the appellant was prejudiced by the foregoing error. As we have noted, the appellant requested a bad-conduct discharge in an unsworn statement. The appellant advised the military judge that he had reflected upon his military career in light of his misconduct and that he was convinced that an administrative discharge was inevitable. Appellant expressed the view that the administrative discharge would have been the equivalent of the bad-conduct discharge and that he desired to proceed and "get it over with." Following admission of appel-

lant's "prior conviction," the military judge stated on the record that, at that stage in the proceedings, he was not inclined to sentence the appellant to a bad-conduct discharge. Accordingly, we conclude that the admission into evidence of the record of "conviction" did not tip the scales and cause the military judge to sentence the appellant to a bad-conduct discharge.

We believe the military judge gave great weight to the appellant's prior military record in determining an appropriate sentence. The sentence imposed was, in our view, lenient in view of the offenses of which the appellant was convicted. Finally, we note that the military judge was advised by counsel that the incident which was the basis of appellant's conviction in Georgia was connected with the evidence supporting the specification of Charge I and we conclude that the military judge did not accord that information inappropriate weight. Consequently, the improper and illegal admission into evidence of appellant's alleged conviction in Georgia under the "First Offender Act" was not prejudicial to the appellant in these circumstances.

Accordingly, the findings of guilty and the sentence are affirmed.

Judge KANE and Judge WERNER concur.