A91A0595. THE STATE v. PITTS.
(405 SE2d 115)

McMurray, Presiding Judge.

Defendant was accused of driving under the influence of alcohol (Count 1) and carrying a concealed weapon (Count 2). He entered a plea of nolo contendere on each count.

The judge sentenced defendant to confinement for a period of 12 months (probated) and ordered defendant to pay a fine of $500. In probating defendant's sentence, the judge set forth various "terms of sentence." One such term reads: "As Defendant's plea of nolo contendere to Count 2 does not constitute a conviction as contemplated by law, the provisions of O.C.G.A. § 17-5-51 do not apply, and said weapon shall be returned to the Defendant rather than forfeited pursuant to O.C.G.A. § 17-5-51."

The State appeals, contending the "term of sentence" that orders the weapon to be returned to defendant is null and void. *Held*:

1. "[T]his court has held that void sentences are appealable by the State. *State v. Stuckey*, 145 Ga. App. 434 (243 SE2d 627) (1978); *State v. Shuman*, 161 Ga. App. 304, 306 (6) (287 SE2d 757) (1982). Thus, we will review this matter in light of the State's contention that the trial court's action in [ordering the weapon to be returned to defendant] is void." *State v. Johnson*, 183 Ga. App. 236 (358 SE2d 840).

2. OCGA § 17-5-51 provides, in pertinent part: "Any device which is used as a weapon in the commission of any crime against any person or any attempt to commit any crime against any person and any weapon for which a person has been convicted of the crime of carrying a concealed weapon, as provided for by Code Section 16-11-126, are declared to be contraband and are forfeited." Was defendant "convicted" of the crime of carrying a concealed weapon?

"In *Wright v. State*, 75 Ga. App. 764 (1) (44 SE2d 569) it was held that a plea of nolo contendere 'differs from a plea of guilty only in that it cannot be used against the defendant in any other court or

proceedings as an admission of guilt, or otherwise, or for any purpose, and it is not a plea of guilty for the purpose of effecting civil disqualifications.' In other words, the plea itself cannot be used in another case as an admission of guilt. Nevertheless, in *Nelson v. State*, 87 Ga. App. 644, 648 (75 SE2d 39) a defendant sentenced under such a plea was held to have been 'adjudged guilty and convicted.' *This accords with general law that a sentence based on a plea of nolo contendere is a conviction* [cits.] but that the plea is technical only and does not constitute an admission of guilt in any other case [cits.], not even in a civil case involving the same act. [Cit.]" (Emphasis supplied.) *Windsor Forest v. Rocker*, 121 Ga. App. 773 (2) (175 SE2d 65).

The sentence based on defendant's plea of nolo contendere constituted a conviction for carrying a concealed weapon. See *Windsor Forest v. Rocker*, 121 Ga. App. 773 (2), supra. See also George Weaver's, The Effect in Georgia of a Plea of Nolo Contendere Entered in a Georgia Court, 13 Ga. L. Rev. 723, 742 (1979). It follows that the weapon was contraband and forfeited, OCGA § 17-5-51, and that the "term of sentence" ordering the weapon to be returned to defendant was a nullity. Cf. *Cannington v. State*, 154 Ga. App. 557 (2) (269 SE2d 62).

*Judgment reversed. Sognier, C. J., and Andrews, J., concur.*

DECIDED APRIL 1, 1991.

*Ralph T. Bowden, Jr., Solicitor, Cassandra J. Cook, W. Cliff Howard, Assistant Solicitors*, for appellant.
*Morgan W. Scott*, for appellee.