**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**December 17, 2021**

# In the Court of Appeals of Georgia

A21A1750. DOE v. THE STATE.

BROWN, Judge.

John Doe filed a pro se motion to restrict and seal his criminal records. The trial court denied the motion as well as Doe's motion for reconsideration. Doe appeals. For the reasons explained below, we reverse and remand with direction.

The record shows that in November 2010, and January 2011, Doe was charged with two felony counts of habitual violator, OCGA § 40-5-58, for operating a vehicle without a license; the license revocation stemmed from a string of DUIs. On August 19, 2011, Doe entered a negotiated nolo contendere plea to one count of misdemeanor habitual violator, agreeing to serve 12 months on probation, pay a $1,300 fine, and perform 40 hours of community service, and to waive his Fourth Amendment rights pertaining to search and seizure. The State agreed that it would dead docket the

second charge if Doe successfully completed probation at which point the second charge would be nolle prossed. The trial court accepted Doe's plea and sentenced him accordingly. The State subsequently dead docketed and then later nolle prossed the second charge.

On February 5, 2021, Doe, proceeding pro se, filed a form motion to restrict and seal records of felony charges pursuant to OCGA § 35-3-37 (j) (1) and (m),[1] alleging that he is unable to obtain "gainful employment within the Banking and Investment industry" because of the felony charges on his record. In his motion, Doe explained that he was convicted of the misdemeanor offense of habitual violator, which is a lesser included offense of felony habitual violator, and that he, therefore, was entitled to have any record pertaining to the felony charge restricted by the Georgia Crime Information Center, and all agencies maintaining such information in Cherokee County, pursuant to OCGA § 35-3-37 (j) (1). He further requested that all the records of the case be sealed by the Clerk of the Superior Court of Cherokee County pursuant to OCGA § 35-3-37 (m).

---

[1] The form motion refers only to OCGA § 35-3-37 (j) (1), (m), and contains blank spaces for the pro se defendant's name, date of arrest, charged offense, and relevant county.

2

On April 12, 2021, the trial court held a hearing on the motion, during which Doe sought relief pursuant to "*revised OCGA § 35-3-37 (j) (4)*, as amended by senate bill 288," which became effective on January 1, 2021. (Emphasis supplied.) Doe testified that he is unable to obtain work as an independent financial advisor because he must disclose the offense to the Financial Industry Regulatory Authority and the Securities and Exchange Commission, that he has "lost out on dozens of jobs over the last ten years due to this record being publicly available," and that the charge is not connected to what he does for a living in that it is does not involve dishonesty, theft, or fraud; if the offense is restricted from his record under OCGA § 35-3-37 (j) (4), it will be removed from his "FIRNA" and SEC disclosure records. According to Doe, "[a]t first glance, it doesn't look like [he's] been convicted of a misdemeanor traffic violation, but rather, that [he is] a habitual or career criminal, which is not the case." During the hearing, the trial court acknowledged that it had not "had any dealings with the new statute yet"; asked Doe to email his "opening statement" and "argument," which the trial court would then forward to the State; and instructed the State to prepare a letter brief in response to the email.[2] During the hearing, the State

---

[2] Only the State's letter brief appears in the record. In that brief, the State noted that Doe had filed a motion requesting to seal his record pursuant to OCGA § 35-3-37 (j) (1) "and orally amended his motion to request this same relief pursuant to OCGA

3

argued that (j) (1) and not (j) (4) is the applicable subsection, but did not allege that Doe could not argue (j) (4) because his petition was not originally pursued under that subsection.

The trial court denied Doe's motion (the "May 20, 2021 order"), ruling that Doe was not entitled to restriction of his criminal history record under OCGA § 35-3-37 (h) (2) (A) because the nolo contendere plea was not a dismissal, nolle prosse, or reduced violation of a local ordinance. The trial court further ruled that Doe was not entitled to relief pursuant to OCGA § 35-3-37 (j) (1) because his negotiated plea was to a lesser-included offense of the original felony charge, and that the Code section provides for relief only when the individual "'was convicted of a misdemeanor offense that was not a lesser included offense of the felony charge.'"

Represented by counsel, Doe moved for reconsideration of the trial court's order, alleging that under the newly-revised Code section, he is entitled to relief pursuant to OCGA § 35-3-37 (j) (4), and that since he seeks relief under that

§ 35-3-37 [(j)] (4) (A)," and argued that the trial court must deny the motion because Doe's "plea of nolo contendere is not a conviction and therefore, does not fall within the scope of OCGA § 35-3-37." The State further argued that even if the "nolo plea" were to be considered a conviction, the more specific provisions of OCGA § 35-3-37 control over the more general ones, and that because Doe pleaded nolo contendere to the lesser included offense of misdemeanor habitual violator, he is not entitled to record restriction under OCGA § 35-3-37 (j) (1).

4

subsection, and not OCGA § 35-3-37 (h), his nolo contendere plea is not a bar to relief. The trial court denied the motion for reconsideration (the "June 11, 2021 order"), ruling that subsection OCGA § 35-3-37 (j) (1)[3] and not (j) (4) is controlling in this case; the trial court concluded that subsection (j) (4) does not apply because the nolo contendere plea is not a misdemeanor conviction. Doe appeals from the May 20, 2021 order and the June 11, 2021 order.

In his sole enumeration of error, Doe contends that the trial court erred in ruling that a nolo contendere plea is not a conviction within the meaning of OCGA § 35-3-37 (j) (4) (A), and that he is, therefore, ineligible for record restriction. Doe further alleges that it is irrelevant under subsection (j) (4) (A) that his plea was reduced from a felony.

The State contends that Doe's appeal presents nothing of substance for this Court to review. In its view, Doe never petitioned the trial court for relief under OCGA § 35-3-37 (j) (4); Doe's original pro se petition cited OCGA § 35-3-37 (j) (1) only. Accordingly, the State was obligated to do no more than show that subsection (j) (1) was inapplicable, and "the trial court's only obligation in disposing of this

---

[3] The trial court order cites to "OCGA § 35-3-17 (j) (1)," but this is clearly a typographical error.

5

matter was confined to the four corners of [Doe's] petition." As for Doe's motion for reconsideration, the State contends that it is in essence a second petition for record restriction, which fails because OCGA § 35-3-37 (j) (4) (C) imposes a two-year waiting period before the filing of a second petition. The State further contends that Doe is not entitled to seek review of the trial court's order denying his motion for reconsideration because the denial of a post-judgment motion for reconsideration "is a [sic] not itself an appealable order." Lastly, the State contends that Doe never argued in this Court or below that the trial court erred in declining to address the applicability of OCGA § 35-3-37 (j) (4) in the final judgment disposing of his pro se petition. In sum, the State contends that there is nothing for this Court to review because (a) Doe was not entitled to a ruling with respect to OCGA § 35-3-37 (j) (4) at the time this pro se action became final and (b) the trial court's post-judgment ruling on the applicability of the subsection is not itself appealable.

1. Before addressing the merits of this appeal, we must consider several of the State's arguments.

(a) First, we address the State's contentions that (i) the trial court's post-judgment ruling on the applicability of the subsection is not itself appealable and (ii) Doe never argued in this Court or below that the trial court erred in declining to

6

address the applicability of OCGA § 35-3-37 (j) (4) in the final judgment disposing of his pro se petition. We find these contentions unavailing.

Having filed a notice of appeal from the May 20, 2021 order (which is subject to direct appeal under OCGA § 5-6-34 (a) (1)), Doe can also appeal other rulings, including the subsequent denial of his motion for reconsideration. See OCGA § 5-6-34 (d). See also *Roberts v. Windsor Credit Svcs.*, 301 Ga. App. 393, 394 (1) (687 SE2d 647) (2009). And, given that Doe enumerates as error the issue of the applicability of subsection (j) (4) in relation to the trial court's order denying his motion for reconsideration, it is immaterial that Doe does not enumerate as error that the trial court erred in declining to address the applicability of subsection (j) (4) in the final judgment disposing of his pro se petition. See *Roberts*, 301 Ga. App. at 394-395 (1); *Threatt v. Rogers*, 269 Ga. App. 402, 403 (604 SE2d 269) (2004).

(b) We next consider the State's claim that there is nothing for this Court to review because the trial court's obligation in considering this matter was limited to the four corners of Doe's petition which sought relief under OCGA § 35-3-37 (j) (1) only. Pretermitting whether the State has waived this argument by failing to make it

below,[4] we find it entirely without merit. When the trial court ruled on the merits of Doe's claim for relief under subsection (j) (4) (A), it impliedly allowed the amendment. Regardless, Doe was entitled to a ruling with respect to OCGA § 35-3-37 (j) (4) irrespective of the filing of his motion for reconsideration because he properly raised the subsection during the hearing and expressly amended his petition, and the State did not object to the amendment or otherwise take exception to the petition on the ground that Doe was limited to the four corners of his petition or that his oral amendment was in substance an unlawful second petition.[5]

---

[4] Cf. *State v. Lucas*, 332 Ga. App. 463, 464 (1) (773 SE2d 419) (2015) (State waived argument on appeal regarding untimeliness of defendant's motion to suppress because argument was not raised in the trial court); *Bowden v. State*, 304 Ga. App. 896, 898, n.1 (698 SE2d 372) (2010) (refusing to consider State's argument that defendant did not have a reasonable expectation of privacy such that he had standing to object to search where argument was not raised in the trial court); *State v. Evans*, 187 Ga. App. 649, 651 (2) (371 SE2d 432) (1988) (State waived right to object to the timing or manner in which motion to disqualify solicitor was brought by failing to object to motion at the time it was heard), overruled on other grounds, *State v. Smith*, 268 Ga. 75, n.7 (485 SE2d 491) (1997).

[5] Any inference that Doe's motion for reconsideration was in substance a second petition for record restriction that could not be considered by the trial court is meritless. While the State is correct that OCGA § 35-3-37 (j) (4) (C) imposes a two-year waiting period before the filing of a second petition, a so-called second petition cannot be filed until there has been a denial of a "first" petition under *subsection (j) (4)*. OCGA § 35-3-37 (j) (4) (C) provides that:

An individual shall be limited to filing a petition under this

8

As Doe explains in his reply brief, the newly-revised Code section had only been in effect for several weeks when he filed his form petition. Doe acknowledges that he "plainly does not qualify for relief pursuant to (j) (1)" and that he immediately notified the trial court at the start of the hearing on his petition that he qualified for relief under (j) (4) (A). The State *did not object* to proceeding under (j) (4) (A), but chose to argue that (j) (1) applies instead. The trial court even indicated during the hearing that it was not familiar with the amended statute but that it would consider

> paragraph to a lifetime maximum of requesting record restriction on two convictions for a misdemeanor or a series of misdemeanors arising from a single incident. For the purposes of this subparagraph, the conviction of two or more offenses charged in separate counts of one or more accusations consolidated for trial shall be deemed to be one conviction. If a petition under this subsection has been denied, an individual may file a subsequent petition on the same conviction for a misdemeanor or series of misdemeanors arising from a single incident after the expiration of two years from the date of the final order from the previous petition.

As the statute makes clear, the two-year waiting period applies only to requests made under subsection (j) (4). If, as the State contends, Doe's initial petition and oral amendment was ineffective as a request under subsection (j) (4), then the trial court was authorized to consider Doe's motion for reconsideration as his first petition under subsection (j) (4).

9

the competing subsections and asked the parties to further brief the issue. As set out in footnote 1, supra, the State in its letter brief acknowledged that Doe was seeking relief under (j) (4) (A) rather than (j) (1), but elected to argue that the latter subsection applied to Doe's situation. Importantly, the State *did not* argue that the trial court should deny Doe's petition because he was requesting relief under a different subsection than the one listed in his petition. Because Doe properly amended his petition to seek relief pursuant to OCGA § 35-3-37 (j) (4) (A), and because the June 11, 2021 order impliedly allowed the amendment, we find no merit to the State's contention that the trial court's obligation in considering this matter was limited to the four corners of Doe's original petition.

2. Doe contends that the trial court erred in ruling that a nolo contendere plea is not a conviction within the meaning of OCGA § 35-3-37 (j) (4) (A), and that he is, therefore, ineligible for record restriction. We agree.

OCGA § 35-3-37 (j) (4) (A) provides as follows:

> When an individual was convicted in this state of a misdemeanor or a series of misdemeanors arising from a single incident, provided that such conviction was not for any offense listed in subparagraph (B) of this paragraph, and such individual has completed the terms of his or her sentence and has not been convicted of any crime in any jurisdiction for at least four years prior to filing a petition under this subparagraph,

10

excluding any conviction for a nonserious traffic offense, and provided, further, that he or she has no pending charged offenses, he or she may petition the court in which the conviction occurred to restrict access to criminal history record information. Such court shall maintain jurisdiction over the case for this limited purpose and duration. Such petition shall be served on the prosecuting attorney. If a hearing is requested, such hearing shall be held within 90 days of the filing of the petition. The court shall hear evidence and shall grant an order restricting such criminal history record information if it determines that the harm otherwise resulting to the individual clearly outweighs the public's interest in the criminal history record information being publicly available.

Thus, subsection (j) (4) (A) allows a defendant to request record restriction access to criminal history records where the defendant has been convicted of a misdemeanor provided that the defendant has completed the terms of his or her sentence and has not been convicted of any crime in any jurisdiction for at least four years prior to filing a petition.[6] If the defendant satisfies these requirements, the trial court must then "weigh the benefits of a proposed judicial action against the harms." *Doe v. State*, 347 Ga. App. 246, 253 (4) (819 SE2d 58) (2018).

---

[6] As to the latter two factors, there is no dispute that Doe satisfied both of them.

In this case, Doe pleaded nolo contendere to the misdemeanor of habitual violator, and the trial court concluded that a nolo contendere plea is not a conviction. On the contrary, it is well settled that a "plea of nolo contendere constitute[s] a conviction." *State v. Pitts*, 199 Ga. App. 493, 494 (2) (405 SE2d 115) (1991). See generally OCGA § 17-7-95 ("Plea of nolo contendere"). As we explained in *Pitts*:

> In *Wright v. State*, 75 Ga. App. 764 (1) (44 SE2d 569)[(1947),] it was held that a plea of nolo contendere differs from a plea of guilty only in that it cannot be used against the defendant in any other court or proceedings as an admission of guilt, or otherwise, or for any purpose, and it is not a plea of guilty for the purpose of effecting civil disqualifications. In other words, the plea itself cannot be used in another case as an admission of guilt. Nevertheless, in *Nelson v. State*, 87 Ga. App. 644, 648 (75 SE2d 39)[(1953),] a defendant sentenced under such a plea was held to have been adjudged guilty and convicted. This accords with general law that a sentence based on a plea of nolo contendere is a conviction but that the plea is technical only and does not constitute an admission of guilt in any other case, not even in a civil case involving the same act.

(Citations, punctuation, and emphasis omitted.) Id. at 493-494 (2). See also *State v. Rocco*, 259 Ga. 463, 466-467 (1) (384 SE2d 183) (1989) (indicating that plea of nolo contendere is a conviction). Because the trial court erred in concluding that a plea of nolo contendere is not a conviction under subsection (j) (4) (A), it did not proceed to

12

apply the statutory balancing test. Accordingly, we reverse the trial court's denial of Doe's petition for record restriction under OCGA § 35-3-37 (j) (4) (A), and remand the case back to the trial court to weigh the competing interests of the harm to Doe's privacy against the public's interest in access to Doe's criminal record. Compare *Doe*, 347 Ga. App. at 253 (4).[7]

3. The trial court also concluded that Doe was not entitled to restriction of his criminal record history information under OCGA § 35-3-37 (j) (1) because his negotiated plea was to a lesser-included offense of the original felony charge, and that this subsection allows record restriction only when the individual was convicted of a misdemeanor offense that *was not* a lesser included of the felony charge. Although Doe challenges this ruling,[8] given our conclusion in Division 1 (b) that Doe properly

---

[7] We note that in *Doe*, we remanded the case with direction that the trial court grant the petition for record restriction. 347 Ga. App. at 257 (5). We did so because the State did not object to the petitioner's evidence and made no effort to "adduce evidence and argument in support of a finding that the public interest in [the petitioner's] criminal history record information outweighs the harm that public availability of his records is causing him, despite having multiple opportunities to do so." Id. Here, the State adduced argument — albeit somewhat nominal — that Doe did not show "that he has had enough harm to outweigh the public interest" and that it would be in the public's interest to know that Doe has "gotten so many traffic violations."

[8] The State did not address the substance of Doe's challenge, contending only that "this appeal does not present the case to resolve [the] issue."

13

amended his petition to seek relief only under OCGA § 35-3-37 (j) (4) (A), we need not address the trial court's conclusion as to OCGA § 35-3-37 (j) (1).

*Judgment reversed and remanded with direction. Doyle, P. J., and Reese, J., concur.*