## 1895. PADGETT *v.* STURGIS.

The court erred in dismissing the petition on demurrer.

Trover, from city court of Richmond county—Judge Eve. April 7, 1909.

Argued June 28,—Decided July 31, 1909.

*C. H. & R. S. Cohen, C. E. Dunbar,* for plaintiff in error.

*James C. C. Black Jr.,* contra.

POWELL, J. The case comes to this court on exception to the sustaining of a general demurrer to the petition. Omitting merely formal parts, we may summarize the allegations of the petition as follows: Guy Sturgis, the defendant, was a bailiff of the city court of Augusta, and in December, 1908, under a search warrant, broke into the warehouse of the plaintiff, "removed some three doors from petitioner's place of business, though under the same roof," and seized liquors of the value of $2,500, belonging to the plaintiff. The defendant seized the liquors for the purpose of using them as evidence against the plaintiff, who then stood charged with violating the prohibition law. On February 3, 1909, the plaintiff was tried upon the charge against him, was convicted, and paid the penalty imposed by the court. It is asserted in the petition that "the object for which said property was alleged by said Guy Sturgis to be retained having been accomplished, and there being no further reason or justification in law for the retention of said property by said Guy Sturgis, demand was formally made upon said Guy Sturgis for the delivery of said property to your petitioner, after the conviction of your petitioner as aforesaid, but said Guy Sturgis has refused and still refuses to deliver possession of said property to your petitioner."

At the outset it may be well to call attention to the fact that it does not appear from the record that the liquors involved in this controversy had ever been used in violation of law, or that the plaintiff's object in seeking to regain possession of them is that he may use them for unlawful purposes. In these respects the case differs materially from that of *Robinson* v. *Porter,* 1 *Ga. App.* 223 (57 S. E. 993), in which the plaintiff, by his demurrer to the defendant's plea, admitted that the instrumentalities he was endeavoring to recover were constructed and designed for the purpose of violating

the law, had been so employed, and were to be so employed again if the plaintiff regained possession of them. It is true that it was one of the allegations of the present petition (which on demurrer thereto is taken to be true), that the plaintiff had been convicted of violating the prohibition law; and since he does not allege that he was innocent, it is to be presumed that he was guilty. It is also true that these liquors were seized for the purpose of being used as evidence against him in the trial of a criminal case, and the petition concedes the legality of the seizure for that purpose; but it also appears that that purpose has been accomplished. It is not alleged, nor is there any legitimate basis for the inference, that the defendant intends to put these liquors to any improper or unlawful use. If that is his intention, and the officer who now holds the liquors has any proof, direct or circumstantial, going to evince that intent, he may set that up by plea; but an issue as to this does not arise upon demurrer to the plaintiff's petition, in the light of its allegations. Many States have statutes whereby intoxicating liquors held for the purpose of unlawful sale may be confiscated and destroyed. We have no such statute in this State, unless the act of 1899 known as the "blind-tiger" act (Acts 1899, p. 73, Van Epps' Supplement, §§ 6654-5) authorized the destruction of liquors found in "blind tigers." There is nothing in this record, however, which shows that the plaintiff was operating a "blind tiger." Indeed, it does not appear from the record that he had sold any of the particular liquors which were seized; they were not seized at his place of business, but in a warehouse. Of course it must be kept in mind that in a prosecution for a violation of the prohibition law, there would be evidentiary value in the fact that the defendant had had in his warehouse a large quantity of intoxicating liquors, and therefore there is nothing inconsistent between the bailiff's right to seize the liquors for the purpose of evidence, and the plaintiff's insistence that these particular liquors were never devoted to any illegal purpose. The petition does not show that these liquors had ever been used in the maintenance of a nuisance—either the special nuisance recognized by the act of 1899, or the general nuisance, so to speak, recognized by the law as being created by the maintenance of a public place for the sale of intoxicating liquors. See, in this connection, *Lofton* v. *Collins*, 117 *Ga.* 434 (43 S. E. 708, 61 L. R. A. 150). That this court adheres firmly to the maxim ex dolo malo non oritur

35

actio has been manifested by a number of decisions rendered by it; but under the facts of the present case as made by the petition and demurrer, the principle is not applicable. The answer may set up such a state of facts as will make it applicable, but in the meantime we feel compelled to hold that the court erred in sustaining the demurrer to the petition.          *Judgment reversed.*