### 9664.  LEWIS v. PRYOR.

Where an action of trover for intoxicating liquor was pending at the time of the adoption of the act of 1917 which prohibits the possession of such liquor, and by subsequent amendment to the petition the plaintiff elected to recover only the value of the liquor at the time of the conversion, a recovery was not prevented by the adoption of that law. The court erred in dismissing the petition.

DECIDED JANUARY 15, 1919.

Trover; from Ben Hill superior court—Judge Crum.  March 8, 1918.

*Otis H. Elkins, Jesse Grantham,* for plaintiff, cited; 10 Michie's Dig. Ga. R. 44; 122 *Ga.* 658; 111 *Ga.* 760; 138 *Ga.* 513; 5 *Ga. App.* 344; 6 *Ga. App.* 544; Civil Code (1910), § 6; 8 Cyc. 1022; 4 *Ga.* 208; 8 *Ga.* 31 (9) ; 12 *Ga.* 437; 37 *Ga.* 134 (2) ; 38 *Ga.* 350; 43 *Ga.* 480; 87 *Ga.* 294; 105 *Ga.* 487; 110 *Ga.* 203 (4) ; 134 *Ga.* 866; 2 How. 611; 1 L. R. A. (N. S.), 528, note.

LUKE, J.  The plaintiff in this case sought to recover $156 as damages for the alleged illegal conversion of a barrel of whisky. The petition was filed on March 13, 1916, and in an amendment allowed on January 17, 1918, the plaintiff elected to take a money verdict for the value of the property at the time of the conversion. Upon oral motion in the nature of a general demurrer, the court dismissed the petition on March 8, 1918, upon the ground that since the passage of the law approved March 28, 1917, prohibiting the ownership of liquors in Georgia (Ga. L. 1917, Ex. Sess., p. 7), recovery could not be had for an illegal conversion of liquor, even though the conversion may have taken place prior to May 1, 1916. Prior to May 1, 1916, it was not unlawful to own and hold liquors, unless they were held and used in violation of the law.  See Ga. L. 1915, Ex. Sess., pp. 70-89.  The petition in this case merely sought to recover the money value of the property alleged to have been illegally converted to the use of the defendant.  The fact that the trial day of the cause of action was not reached until a time subsequent to the passage of the law hereinbefore referred to did not of itself defeat the right of the plaintiff to recover in his action filed at a time when by law he could own and possess the property alleged to have been illegally converted.  See *Padgett* v. *Sturgis,* 6 *Ga. App.* 544 (65 S. E. 352).  The court erred in dismissing the petition.

*Judgment reversed.  Wade, C. J., and Jenkins, J., concur.*