## A94A0543. BRADY v. THE STATE.
(443 SE2d 522)

BLACKBURN, Judge.

Following a joint trial by jury with co-defendant Betty Tuck, the appellant, Gary Brady, was found guilty of misdemeanor possession of marijuana and not guilty of possession of methamphetamine. Tuck was found not guilty of both offenses. On appeal, Brady maintains that the trial court erred in denying his motion to suppress based upon the insufficiency of the probable cause affidavit, and erred in sentencing him. We disagree and affirm his conviction.

At the hearing on the motion to suppress, Agent Randall Young of the Forsyth-Pickens-Jasper Drug Task Force testified that on January 11, 1991, he applied for a search warrant on a vehicle registered in Brady's name. The application was based in part upon information that the agent had received from a reliable informant. No oral testimony was considered by the issuing magistrate. The affidavit at issue stated that three days earlier, Brady had been seen by a reliable informant in Pickens County with a quantity of methamphetamine powder and marijuana in his 1978 Camaro bearing a particular license tag number. The reliable informant had also observed the sale of controlled substances from the automobile within the preceding six-month period. The reliable informant had previously provided the task force with information in numerous drug seizure cases which led to the arrests of at least ten individuals, and the agent knew that the informant was in a position to have knowledge of drug trafficking in the area. The affidavit also indicated that an independent investigation conducted by the agent revealed that the vehicle was registered to Brady and that Brady had been arrested previously for at least three violations of the Georgia Controlled Substances Act.

After the chief magistrate signed the warrant, a lookout was placed on Brady's vehicle and the vehicle was spotted later that day by other officers assisting in the investigation. The vehicle was pulled over and Agent Young presented Brady with the warrant and began

to search the vehicle. Marijuana cigarette butts were found in the ashtray of the vehicle and Brady was arrested and placed in the patrol car. The search of the vehicle revealed three round plastic pill bottles which contained methamphetamine residue. When Brady was informed of the results of the subsequent search, he denied that he had been involved with methamphetamine but admitted that he sold marijuana.

1. "In determining whether an affidavit sufficiently establishes the probable cause necessary for issuance of a warrant, we employ the 'totality of the circumstances' analysis enunciated in *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983), and adopted by [the Supreme Court] in *State v. Stephens*, 252 Ga. 181 (311 SE2d 823) (1984). Under that analysis, the task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." (Citations and punctuation omitted.) *Munson v. State*, 211 Ga. App. 80, 81 (438 SE2d 123) (1993).

Brady argues that the trial court did not have a substantial basis for concluding that probable cause existed because the affidavit did not state the basis for the informant's reliability. However, the informant's reliability was shown by the fact that information that he supplied in other investigations led to the arrests of other individuals in addition to numerous seizures of contraband. Moreover, the information provided by the informant about Brady and his vehicle was corroborated by an independent investigation conducted by the agent. "Indeed, corroboration of the information given by an informant may provide a substantial basis for finding probable cause." (Citations and punctuation omitted.) Id. at 82. Considering the information contained in the affidavit and the independent verification by the officer of the information supplied by the informant, we conclude that the trial court did not err in denying Brady's motion.

2. Next, Brady maintains that the trial court erred in sentencing him to 12 months' probation, and as a condition of that probation, requiring that he satisfactorily complete counseling and treatment at a community corrections center, pay a fine of $1,000 in addition to a $10 per month probation fee, refrain from using alcohol or prohibited substances, submit to blood or urine tests, consent to searches of his person and property without a search warrant, and attend counseling sessions as directed by his probation officer. Brady asserts that this sentence was too severe. However, " 'OCGA § 17-10-1 (a) (1) autho-

rizes the trial judge to impose sentence "within the minimum and maximum prescribed by law as the punishment for the crime." ' " *Jefferson v. State*, 209 Ga. App. 859, 863 (2) (434 SE2d 814) (1993). Although Brady maintains that the sentence imposed was based upon his failure to accept the terms of an earlier plea bargain, the transcript of the sentencing hearing shows that the plea bargain agreement was not argued by the prosecution for consideration in imposition of punishment, but was instead argued by Brady's counsel for consideration of a more lenient punishment since Brady never denied possession of the marijuana. Inasmuch as the trial court's imposition of the above sentence for misdemeanor possession of marijuana was within the minimum and maximum prescribed as punishment for the offense, we must conclude that the sentence was not erroneous. Id.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED APRIL 7, 1994.

*Weaver & Weaver, George W. Weaver*, for appellant.
*Roger Queen, District Attorney*, for appellee.