A95A0623, A95A0713. BAEZ v. THE STATE (two cases).
(458 SE2d 658)

BIRDSONG, Presiding Judge.

These two appeals filed by Roberto Baez are from his conviction for trafficking in cocaine and the denial of his motion for supersedeas bond. *Held*:

1. As to Case No. A95A0713, the trial court did not err in denying a supersedeas bond. See OCGA § 17-6-1 (g).

2. Appellant contends the search warrant obtained for the apartment rented by him on Stoneybrook Road in Forest Park was not supported by probable cause.

The affidavit executed by Riverdale narcotics agent Knowles to obtain the search warrant for the Stoneybrook Road apartment and a 1994 Mitsubishi Expo, TJW988, states that within the past 15 days the affiant learned from federal Agent Moss that Roberto Baez, a Cuban national, was living at Canterbury Drive in Jonesboro and was allegedly trafficking in cocaine and illegal weapons, automatic assault rifles, semi-automatic assault rifles and semi-automatic pistols; that a concerned citizen who lives near Canterbury Drive reported suspicious activity in that Baez made frequent trips to Miami and on returning would remove large black bags from the car and take them into that house; the concerned citizen reported that on Wednesday, January 19, 1994 an altercation occurred between Baez and his wife Barbara Rodriguez but police were not called because Rodriguez is on parole for trafficking in cocaine; and that Baez left the residence and was staying somewhere else in Atlanta. The affiant stated that independent investigation revealed Barbara Rodriguez was convicted in Henry County in 1988 for trafficking in cocaine and Roberto Baez's criminal history included armed robbery, kidnapping, weapons offenses and drug-related offenses. The affiant stated that on Friday, January 21, 1994 the concerned citizen advised that Baez had gone to Miami "on a trip" and was due to return at any time; that upon this information and independent surveillance a search warrant for the house was executed on Saturday, January 22, 1994 and a small amount of cocaine and a revolver were seized. The affiant stated that a cooperative witness at the house advised him Baez left Wednesday, January 19, 1994 to go to Miami; that Baez was with a black female named Cynthia Oliver; that Oliver lives in an apartment that is under the control of Baez; that Baez gave to the cooperative witness the address of that apartment which was also printed on a GCTV cable bill as 320 Fairburn Road, Apt. T-6; that the confidential witness advised that Baez uses that apartment as a "stash" house for cocaine and weapons and that Baez rented a green car from a rental agency in the Greenbriar Mall area of southwest Atlanta. The affiant stated that the cooperative witness was contacted by Baez on Saturday, Jan-

uary 22, 1994 from Miami by a collect telephone call and was advised that Baez had picked up some cocaine and was waiting on the other part and would depart Miami on Sunday, January 23, 1994 and would return to Atlanta. The affiant checked with McFrugal Car Rental which advised that Baez rented a 1994 Mitsubishi Expo van, green, tag no. TJW988, on January 17, 1994 on Campbellton Rd., due back January 24, 1994; that Baez was with a black female, Cynthia Oliver, who lives at 320 Fairburn Rd., Apt. T-6, Atlanta, Fulton County; that according to the apartment management, Oliver was on the lease at Apt. T-6; that Baez used this address when he rented the car in which he and Oliver traveled to Miami. On January 25, 1994 the cooperative witness advised that Baez had returned from Miami and was staying at Oliver's apartment on Fairburn Road; that Baez told the cooperative witness he had acquired a quantity of cocaine and it would take him a couple of days to get rid of it. The affiant checked with the McFrugal Car Rental manager who said Baez returned the car the morning on which this affidavit was executed, January 25, 1994, and rented the same car again for another day. The cooperative witness advised that Baez had rented another residence in the area and would let no one know the location. The affiant stated that on January 25, 1994 at about 4:00 p.m. agents saw the 1994 Mitsubishi at the residence on Canterbury Dr., Jonesboro, Clayton County. The vehicle was followed into Riverdale and was stopped by police agents, and Baez refused consent to search. At 4:50 p.m. Special Agent Hudson brought Buster, a dog trained in the detection of marijuana, cocaine and crack cocaine; Buster was led around the vehicle and he alerted on all four doors of the vehicle. Documentation was found of a lease and water deposit for a residence at 1031 Stoneybrook Road, Forest Park, Clayton County, in the name of Roberto Baez. According to affiant's training and experience, the affiant believed the following items would be at 1031 Stoneybrook Road, Forest Park, Clayton County and the 1994 Mitsubishi Expo, Georgia tag TJW988: illegal weapons, cocaine packing implements, documentation about the sale and distribution of cocaine, and proceeds, assets and items indicative of the crime of selling and distributing cocaine.

The magistrate issued a search warrant for the Stoneybrook Road apartment and the Mitsubishi Expo. The search was executed at about 8:15 p.m. on the same day. Contraband was found in the vehicle and in the apartment. The female with Baez was identified as Sonya Thomas.

At the hearing on motion to suppress, Agent Knowles testified he did not personally know the concerned citizen but he knew who "they" were. He testified in detail as to how he corroborated information from the federal agent and the cooperative witness, and that after the search of Baez' Canterbury Road residence the cooperative

witness (who was Barbara Rodriguez) told him that in addition to the Forest Park apartment, Baez possibly had another residence for which he had a lease and which he and Oliver occupied and where he was possibly holding contraband. He further testified that he was not at the food mart when Baez was detained but was surveilling other locations in connection with Baez, but that he directed other agents to stop Baez because of his suspicion that Baez was carrying cocaine in the vehicle, and in a consensual search of Sonya Thomas' purse, those agents found a water bill and a lease signed by Baez for the Stoneybrook Road apartment.

On a motion to suppress, the trial judge, sitting as trier of fact, hears the evidence; his findings are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support them. *Mann v. State*, 196 Ga. App. 730 (3) (397 SE2d 17). The evidence amply supports the finding of probable cause to support the search warrant for the Stoneybrook Road apartment and the Mitsubishi van.

We reject appellant's contention that the "concerned citizen" was an anonymous tipster who could not be elevated to the status of a concerned citizen entitled " 'to the preferred status regarding credibility concomitant with that title.' " *Davis v. State*, 214 Ga. App. 36, 37 (447 SE2d 68); cf. *Christopher v. State*, 190 Ga. App. 393 (1) (379 SE2d 205). Agent Knowles testified that although he did not personally know the concerned citizen, he knew who "they" were. Thus, that informant was not anonymous.

We also reject appellant's contention that there was no corroboration of the concerned citizen's information. The evidence shows information provided by the concerned citizen was independently corroborated by the police. See *Stanley v. State*, 213 Ga. App. 95 (443 SE2d 633). Both the concerned citizen and the cooperative witness provided information sufficient even to predict Baez' behavior, exactly as it occurred. See *VonLinsowe v. State*, 213 Ga. App. 619, 621 (445 SE2d 371). This information from two sources, independently corroborated, was more than sufficient to authorize the initial *Terry* stop. Id. at 620. The police who stopped Baez were engaged in a common investigation with Agent Knowles and were authorized to act on the information supplied by him to accomplish the *Terry* stop (*Parker v. State*, 161 Ga. App. 37, 39 (288 SE2d 852)), and he was authorized to rely on information supplied by them to establish a totality of circumstances amounting to probable cause for the issuance of the search warrant.

Although appellant abandons argument as to the four-hour detention of Baez after he was stopped at the food mart while the search warrant was obtained and executed, we note that assuming this detention ripened to an arrest, that arrest was not without proba-

ble cause in view of the drug dog's "alert" to the doors of the vehicle driven by Baez from Miami, and in view of the lease document found in his female companion's purse which showed that a third residence in the same area had been leased by Baez, thus conforming to the drug courier's habitual conduct described by Agent Knowles. Further, evidence at trial showed that the police did not stop Baez but pulled up behind him at the food mart as he was exiting his vehicle and as his companion, Sonya Thomas, was walking toward him with a shopping cart laden with dog food. Moreover, the search was not the fruit of that detention but was the result of a lawful search warrant which was supported by probable cause and was issued on the basis of a complete police investigation corroborating detailed information of two informants and a totality of the circumstances showing probable cause for a search. *Cichetti v. State*, 181 Ga. App. 272, 273 (351 SE2d 707); see *Claffey v. State*, 211 Ga. App. 335 (439 SE2d 516).

Our decisions and those of the United States Supreme Court have adopted the " 'totality of circumstances' " analysis used in *Illinois v. Gates*, 462 U. S. 213, 214 (103 SC 2317, 76 LE2d 527), whereby the task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823). In dealing with probable cause we deal with probabilities; they are not technical, but are the factual and practical considerations of everyday life on which reasonable and prudent men act. Id.; see *Strauss v. Stynchcombe*, 224 Ga. 859, 865 (165 SE2d 302), quoting *Brinegar v. United States*, 338 U. S. 160 (69 SC 1302, 93 LE 1879). The magistrate had "a substantial basis" for concluding that probable cause existed, in the totality of all the circumstances.

Our duty on appeal is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. *Brady v. State*, 212 Ga. App. 853, 854 (443 SE2d 522). We conclude that he did and that none of appellant's objections is meritorious.

3. We have reviewed the evidence in the light most favorable to the verdict and we find it sufficient to persuade a rational trier of fact of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). It follows that the denial of directed verdict of acquittal could not have been error. The totality of the evidence construed in favor of the verdict does not support a conclusion that Baez had no connection to the apartment which he leased and where Sonya Thomas evidently lived. The evidence shows Baez leased and prepared to occupy the Stoneybrook Road apartment on or about January 18, 1994, the day before he rented the Mitsubishi van and went to Miami. In the apartment on the day after he returned, January 25, 1994, were found cocaine, a set of digital scales

commonly used to measure drugs, a .45 caliber handgun containing black talon bullets, and nude photos of Sonya Thomas in an album inscribed "Sonya and Roberto in Miami, New Years' weekend 94." There was ample evidence authorizing a conclusion that Baez occupied and controlled the apartment and its contents.

4. We find no error in the court's charge as alleged. The trial court did not make an improper comment as to why appellant was under surveillance, but instructed the jury that such question was not an issue in the case. Appellant fails to explain why he believes the court left an "erroneous impression" in its charge on possession; and appellant failed to cite legal authority for his contentions that the charge was error. He thus abandons that contention. Court of Appeals Rule 27 (c) (2).

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED APRIL 20, 1995 —
RECONSIDERATIONS DENIED JUNE 1, 1995 — 

*Joseph M. Todd,* for appellant.
Roberto Baez, *pro se.*
*Robert E. Keller, District Attorney, Nancy Trehub, Assistant District Attorney,* for appellee.