A97A2504. BAEZ v. THE STATE.
(500 SE2d 339)

BEASLEY, Judge.

Baez's conviction for trafficking in cocaine in 1994 was affirmed by this Court.[1] Denial of his earlier habeas corpus petition was affirmed.[2] He now appeals the denial of his post-conviction motion for the return of certain property confiscated by the police during the investigation that led to his arrest.

Baez sought return of the contents of a satchel-type suitcase (State's Exhibit 1) which allegedly included "private documents, papers, receipts, checks, music tape cassettes, and other things or items"; a book (State's Exhibit 27); a camera (State's Exhibit 11); a digital scale in a box (State's Exhibits 2A and 2B); and guns (State's Exhibits 3, 4 and 7). On appeal he also claims ownership of food stamps (State's Exhibit 13) and a picture of himself found in an album (State's Exhibit 12). The trial court ordered the return of only the camera and the book.

The food stamps and the picture were not included in Baez's motion to the trial court, and thus there was no ruling on them which would be subject to appellate review. "It is well established law that enumerations of error which raise questions for the first time on

---

[1] See *Baez v. State*, 217 Ga. App. 511, 515 (3) (458 SE2d 658) (1995).
[2] *Baez v. Lemacks*, 264 Ga. 808 (452 SE2d 491) (1994).

appeal present nothing for decision. [Cit.]"[3]

With regard to the guns and the scale, the trial court identified in the trial transcript where Baez testified during trial that he had never seen the guns before, that they were not in his truck, and that he did not know what the object (the scale) was. Baez argues that because we affirmed his conviction on the basis that this and other evidence was found in a residence he occupied and controlled, thereby connecting him with the cocaine found there and showing that he trafficked in cocaine, the State has admitted that he owned these items so he is entitled to their return. True, the jury found these were at least under his control, but that was over Baez's sworn denial. It is *he* who cannot change horses in midstream. The law will not allow a defendant to deny ownership in a criminal proceeding where it is proof of guilt, in order to avoid conviction, and then prove ownership so as to regain it. The inconsistent positions taken are resolved against defendant when the issue is disposition of personal property in accordance with OCGA § 17-5-54. Compare *LoGiudice v. State*, 164 Ga. App. 709, 711 (4) (297 SE2d 499) (1982) (no inconsistent testimony by claimant).

Contrary to assertions by Baez, this Court never found he owned any of the subject property. Instead, the Court stated: "There was ample evidence authorizing a conclusion that Baez occupied and controlled the apartment and its contents."[4] Proof of ownership of the personal property is the issue here and that is different from who was in control of the apartment and its contents.[5] We find no error in the trial court's ruling regarding the weapons and scale.

With regard to any documents, papers, receipts, checks, music tape cassettes, and other items contained in the suitcase, it does appear that the trial court did not separately consider whether these items may belong to Baez. The investigating officer testified he did not inventory the items that were in the suitcase. Although Baez denied ever seeing the suitcase, he was asked about "information in here[, i.e., the bag], papers and so forth of yours." Baez responded that he had certain papers, receipts and documents in his truck prior to his arrest and that if these were items found in the suitcase, he does not know how they got there from the truck, as he lost control of the truck when he was arrested and the police searched the truck.

If Baez had personal items in the bag marked as Exhibit 1 at trial, and they are not contraband or subject to forfeiture, he is entitled to their return. OCGA § 17-5-54; *Gunter v. State*, 182 Ga. App. 548 (356 SE2d 276) (1987). These items are not in the record. The

---

[3] (Punctuation omitted.) *Moreno v. State*, 204 Ga. App. 463, 464 (419 SE2d 735) (1992).

[4] *Baez v. State*, supra, 217 Ga. App. at 515.

[5] See generally OCGA § 17-5-54.

case is remanded for a determination of whether Baez has a proper claim of ownership of these items.

Baez's arguments that the items were obtained in an illegal search and seizure were rejected in his earlier appeal. The decision in that case controls.

*Judgment affirmed in part, reversed in part and remanded. McMurray, P. J., and Smith, J., concur.*

DECIDED MARCH 5, 1998 —
RECONSIDERATION DENIED MARCH 20, 1998

Robert Baez, *pro se.*

Robert E. Keller, District Attorney, Nancy T. Bircher, Assistant District Attorney, for appellee.