## A02A0840. BAEZ v. THE STATE.
(570 SE2d 352)

JOHNSON, Presiding Judge.

As Roberto Baez states in his brief, this case has a "tortured history," which includes a series of pro se appearances before Georgia's appellate courts. His latest challenge to the sentence imposed by the trial court is without merit, so we affirm that court's judgment denying his motion for a new and valid sentence.

In November 1994, a jury found Baez guilty of trafficking in cocaine in that he knowingly possessed 28 grams or more of cocaine. He was sentenced to serve 20 years in prison and to pay a $200,000 fine. Baez appealed from his conviction, but the conviction was affirmed.[1]

In December 1998, he moved to modify the sentence, claiming it was "harsh, barbaric, excessive and disproportionate to the crime," and that it violated his constitutional rights as well as the sentencing guidelines set out in OCGA § 16-13-31 (a) (1) (A).[2] The trial court denied the motion in December 1998.

In February 1999, Baez appealed from the denial of his motion to modify the sentence. We dismissed his appeal because the notice of

---

[1] *Baez v. State*, 217 Ga. App. 511 (458 SE2d 658) (1995); see also *Baez v. State*, 231 Ga. App. 375 (500 SE2d 339) (1998) (appealing denial of post-conviction motion for return of property confiscated by police); *Baez v. Lemacks*, 264 Ga. 808 (452 SE2d 491) (1994) (appealing denial of his habeas corpus petition).

[2] The statute provides that a person possessing at least twenty-eight grams but less than 200 grams of cocaine shall be sentenced to a mandatory *minimum* term of imprisonment of ten years and shall pay a fine of $200,000.

appeal was not timely filed. In our order of dismissal, we advised Baez that a sentencing court cannot modify a sentence that is within the applicable statutory limits after the term in which that sentence was imposed.[3]

In September 2001, Baez filed what he termed a "Motion for New and Valid Sentence." In this motion, he alleged that the sentence imposed was "extremely harsh, excessive, and unreasonable," and that it exceeded the ten-year limit set forth in OCGA § 16-13-31 (a) (1) (A). The newer motion raised the same arguments as the earlier one, except that in the most recent motion he argued that his sentence was *void* because it exceeded the statutory guidelines; a void sentence can be challenged at any time.[4] The trial court denied the motion, noting that the 20-year prison sentence was within the statutory guidelines of 10-30 years and so was not void as a matter of law.[5]

Baez appeals from the denial of his motion, arguing that under OCGA § 16-13-31 (a) (1) (A) a conviction for possessing twenty-eight grams or more but less than 200 grams of cocaine warrants no more than a ten-year prison sentence, so his sentence is void.

Looking to the substance of Baez's motion for a new and valid sentence rather than the nomenclature, the motion is essentially a rehash of the motion to modify sentence already considered by this Court. Of course, if it is the same motion, our decision in the earlier case controls.[6]

Nonetheless, even if we give Baez the benefit of the doubt and find that his latest motion is a distinct, independent motion, the denial of which this Court has not yet considered, the appeal has no merit. The 20-year sentence imposed by the trial court is within the minimum and maximum sentences prescribed by law as the punishment for the crime.[7] Accordingly, the sentence was not void, and the trial court did not err in denying the motion.[8]

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

---

[3] *Baez v. State*, Case No. A99A1342 (decided March 23, 1999); see *Eddleman v. State*, 247 Ga. App. 753 (2) (545 SE2d 122) (2001) (trial court's authority to modify a judgment ends with the expiration of the term of court in which the judgment was entered, except when the sentence is one that the law does not allow).

[4] See *Burruss v. State*, 242 Ga. App. 241, 242 (1) (529 SE2d 375) (2000) (if the sentence imposed was a void sentence, then a new and valid sentence can be imposed at any time).

[5] OCGA § 16-13-31 (a) (1) (A); OCGA § 16-13-31 (g) (conviction for trafficking in cocaine punishable by maximum of 30 years in prison).

[6] See *Baez*, 231 Ga. App. at 377; *Baez*, Case No. A99A1342 (decided March 23, 1999); *Day v. State*, 242 Ga. App. 899, 900 (1) (531 SE2d 781) (2000).

[7] See *Worley v. State*, 265 Ga. 251, 252 (1) (454 SE2d 461) (1995) (trial judge is authorized to sentence a defendant within limits prescribed by applicable criminal statute); OCGA § 16-13-31 (a) (1) (A), (g).

[8] See generally *Day v. State*, 216 Ga. App. 29 (1) (453 SE2d 73) (1995).

DECIDED AUGUST 12, 2002 —
RECONSIDERATION DENIED AUGUST 22, 2002 — 

Roberto Baez, *pro se.*
*Robert E. Keller, District Attorney, Nancy Trehub, Clifford A. Sticher, Assistant District Attorneys*, for appellee.