A03A0111. MORRIS v. JOHNSON et al.
(585 SE2d 375)

MIKELL, Judge.

Donald Morris ("Administrator") is the administrator of the estate of Gregory Morris ("Morris"), who died after he lost control of his motorcycle. The Administrator sued the mayor and police chief of Savannah, along with Officers Eugene Johnson and Rodney Gerido,[1] alleging, among other things, that the decedent's due process rights were violated when Johnson and Gerido ordered Morris to ride his motorcycle while he was inebriated. Johnson and Gerido filed motions for summary judgment, arguing that qualified and official immunity barred the Administrator's claims.[2] The Administrator appeals only the grant of summary judgment to the police officers on his federal claims. We affirm.

> In reviewing a grant or denial of summary judgment, this Court conducts a de novo review of the evidence. To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the

---

[1] Officer Gerido is incorrectly referred to as Donald Gerido in the pleadings.

[2] The remaining defendants also filed motions for summary judgment, which were granted by the trial court.

light most favorable to the nonmoving party, warrant judgment as a matter of law.[3]

Viewed most favorably to the appellant, the evidence shows that Gregory Morris was a patron at the Huddle House Restaurant on the night of May 23, 1996. A restaurant employee called the police because Morris was creating a disturbance. The police arrived and summoned Morris to the outside of the restaurant. The employee who called the police and three restaurant patrons averred that Morris was obviously intoxicated and that despite his condition, the police officers ordered him to leave the premises on his motorcycle. Conversely, Officer Gerido deposed that he did not smell an odor of alcohol on Morris; that Morris's speech was not slurred nor did he appear to be unsteady on his feet; that Morris did not appear to be under the influence of anything; that although Morris's eyes were a little red and glassy, he assumed that it was an indication that Morris may have been tired; and that the officers simply told Morris that he could not go back into the restaurant. Morris died shortly thereafter when he lost control of his motorcycle and was hurled into a drainage ditch.

"Government officials, including police officers, are entitled to immunity from personal liability under 42 USC § 1983 if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[4]

> [T]he test is applied by considering the objective reasonableness of the official's actions (irrespective of his subjective beliefs) in light of legal rules which were clearly established at the time the action was taken. *Harlow*, supra, 457 U. S. at 818-819. The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. . . . *Anderson v. Creighton*, 483 U. S. 635, 640 (107 SC 3034, 97 LE2d 523) (1987).[5]

The burden on the plaintiff to show a clearly established right is a

---

[3] (Citations and punctuation omitted.) *Carter v. Tokai Financial Svcs.*, 231 Ga. App. 755 (500 SE2d 638) (1998).

[4] (Citation and punctuation omitted.) *Outlaw v. Nasworthy*, 250 Ga. App. 362, 363 (1) (551 SE2d 785) (2001), citing *Harlow v. Fitzgerald*, 457 U. S. 800, 818 (102 SC 2727, 73 LE2d 396) (1982).

[5] (Punctuation omitted.) *Bell v. City of Albany*, 210 Ga. App. 371, 374 (436 SE2d 87) (1993).

strenuous one.[6] And "if the law is not clearly established, the officer is entitled to summary judgment regardless of factual disputes."[7]

The Administrator claims that the clearly established right violated by Johnson and Gerido was the right not to be ordered to commit a dangerous and suicidal act.[8] Although the Administrator has cited no authority involving a civil rights claim after the police allegedly ordered a drunk to drive, we recognize that the right not to have one's life taken away without due process of law is clearly established. It is also clearly established that driving while intoxicated is highly dangerous to the driver and to others. A factual issue exists about the intoxication because numerous witnesses deposed that the plaintiff's decedent's high state of intoxication should have been obvious to any observer while the two police officers, who had arrested persons for DUI in the past, testified that the motorcyclist did not appear to be intoxicated. Summary judgment for the defendants on the federal claims is possible, despite the factual dispute, if it appears as a matter of law that the evidence does not carry the "strenuous" burden of showing that the acts of the officers violated the decedent's right.

Did the defendants violate the right of the plaintiff's decedent, assuming that the facts were as alleged by the plaintiff? A police officer must frequently exercise his or her judgment and discretion when deciding whether the perceived facts within the officer's knowledge give rise to an articulable suspicion of impairment sufficient to justify stopping a motorist and administering field sobriety tests. We are not willing to hold that police officers who exercise their judgment in good faith, based on their experience and training, could be liable because the opinions of the lay witnesses, or the results of later scientific tests, show that — with the benefit of hindsight — a different judgment should have been made. A police officer who exercises discretion in good faith during an encounter with a citizen is acting in accordance with due process of law. The decisions made by the remaining defendants at the Huddle House Restaurant were precisely the kind of discretionary decisions for which qualified immunity provides protection.

The Administrator also argues that when the officers seized Morris, they implicated his Fourth Amendment rights, then violated his Fifth and Fourteenth Amendment rights by ordering him to leave the premises in his impaired condition. We disagree. The Administrator did not raise the violation of his Fourth Amendment rights

---

[6] *Kraft v. Adams*, 248 Ga. App. 141, 144 (1) (545 SE2d 69) (2001).

[7] (Citation and punctuation omitted.) *Courson v. McMillian*, 939 F2d 1479, 1497 (II) (C) (3) (1991).

[8] Appellant's brief, p. 8.

below, and the trial court did not address such a claim in its order. Since this court "will not consider arguments neither raised nor ruled on in the trial court and that are asserted for the first time on appeal,"[9] that argument is waived.[10] The Administrator's Fifth Amendment argument fails because "the Due Process Clause of the Fifth Amendment applies only to conduct committed by officials of the federal government; it does not apply to state actors."[11] There is no allegation in this case that Johnson and Gerido were acting on behalf of the federal government.

The Administrator's claim that the Fourteenth Amendment imposed a duty upon the officers not to order Morris to leave the premises also fails.

> The [Due Process] Clause is phrased as a limitation on the State's power to act, *not as a guarantee of certain minimal levels of safety and security*. It forbids the State itself to deprive individuals of life, liberty, or property without "due process of law," but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means. Nor does history support such an expansive reading of the constitutional text.[12]

Since the evidence shows that qualified immunity applies to Johnson and Gerido, they are entitled to summary judgment on the Administrator's federal claims.[13]

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

---

[9] (Punctuation and footnote omitted.) *Aukerman v. Witmer*, 256 Ga. App. 211, 218 (3) (568 SE2d 123) (2002).

[10] Id.

[11] *McCall v. Dept. of Human Resources*, 176 FSupp.2d 1355, 1363 (II) (B) (M.D. Ga. 2001).

[12] *Green v. Moreland*, 200 Ga. App. 167, 169 (5) (407 SE2d 119) (1991), citing *DeShaney v. Winnebago County Dept. of Social Svcs.*, 489 U. S. 189, 195-196 (109 SC 998, 103 LE2d 249) (1989).

[13] See *Bogle v. City of Warner Robins*, 953 FSupp. 1563 (M.D. Ga. 1997) (plaintiff arrestee could not recover under 42 USC § 1983 for a violation of her constitutional rights because she was released from police custody to find her way home while under the influence of drugs and was raped en route). See also *Courson*, supra (officers' act of leaving plaintiff alone at the side of a highway late at night without transportation home after he arrested the driver of the car she was riding in and informed her that she was free to go home did not violate plaintiff's clearly established Fourteenth Amendment rights); *Hilliard v. City & County of Denver*, 930 F2d 1516 (10th Cir. 1991) (officer who left intoxicated female in a high crime area with no transportation home, who was subsequently sexually assaulted and later found naked, bleeding, and unconscious, did not violate the plaintiff's clearly established constitutional rights).

DECIDED JULY 8, 2003 —

*Gregory N. Crawford*, for appellant.
*Oliver, Maner & Gray, Patrick T. O'Connor, Paul H. Threlkeld, Abda L. Quillian, James C. Metts III*, for appellees.