**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and MERCIER, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**April 14, 2017**

# In the Court of Appeals of Georgia

A17A0530. IN THE INTEREST OF T. F. N., JR., A CHILD.

BARNES, Presiding Judge.

After his delinquency prosecution had concluded, T. F. N. filed a motion with the juvenile court seeking the return of three cell phones that had been seized from him by the City of Clarkston Police Department. Following a hearing, the juvenile court denied the motion, concluding, among other things, that T. F. N. had failed to comply with certain statutory requirements for seeking the return of personal property from a law enforcement agency, including those set forth in OCGA § 17-5-54 (c) (3). For the reasons discussed below, we conclude that the trial court committed no error and therefore affirm.

The record reflects that on January 13, 2016, 16-year-old T. F. N. was arrested and detained at the DeKalb County Regional Youth Detention Center on several delinquency charges, and a police officer with the City of Clarkston Police Department

filed a complaint against T. F. N. in the juvenile court the next day. The State subsequently filed a delinquency petition, alleging that T. F. N. had committed multiple delinquent acts, including theft by taking a motor vehicle and theft by receiving stolen property based on T. F. N. having received and retained stolen boots.[1]

In connection with T. F. N.'s delinquency prosecution, the police department applied for and obtained a search warrant to seize the boots and three cell phones that T. F. N. had on his person when he was booked at the detention center.[2] Following execution of the warrant, the alleged victim of the theft by receiving stolen property count of the delinquency petition visually inspected the boots at the police department and identified them as her own. The police department released the boots to the victim, and T. F. N. did not challenge that decision.

T. F. N. thereafter entered an admission of delinquency to the charge of theft by taking a motor vehicle, and the juvenile court adjudicated him delinquent of that

---

[1] The petition was later amended to add language to one of the counts, but the amendment is not relevant to the present appeal.

[2] The warrant application and affidavit, as well as the search warrant, were not included in the appellate record. To the extent that the appellate record is incomplete, T. F. N., as the appellant, "bore the burden of ensuring an accurate and complete record on appeal." (Citation and punctuation omitted.) *Griffin Builders, LLC v. Synovus Bank*, 320 Ga. App. 307, 309 (739 SE2d 760) (2013).

offense. The State dismissed the other charges in the delinquency petition, including the theft by receiving charge based on the boots. The juvenile court entered an order of disposition on March 2, 2016, placing T. F. N. in restrictive custody for 10 months for his delinquent act of theft by taking a motor vehicle, with credit for time served since his detention in January 2016.

On June 8, 2016, T. F. N., who remained in restrictive custody, filed a motion with the juvenile court seeking the return of the three seized cell phones that remained in the custody of the police department. T. F. N. requested that the cell phones be released to the Department of Family and Children Services so that the phones could be returned to him after he completed his sentence.

The juvenile court conducted a hearing on T. F. N.'s motion for return of the cell phones. At the hearing, the State argued that T. F. N.'s motion should be denied because T. F. N. had failed to comply with the requirements found in OCGA § 17-5-54 (c) (3) (2016),[3] which provides in part that "[a]ny person claiming to be a rightful owner of property shall make an application to the entity holding his or her property and shall

_____

[3]OCGA § 17-5-54 was revised by the General Assembly, effective July 1, 2015, and the revised statute applies in this case. See Ga. L. 2015, p. 693, § 4–1/HB 233 ("This Act shall become effective on July 1, 2015, and shall apply to seizures of property for forfeiture that occur on or after that date.").

furnish satisfactory proof of ownership of such property and present personal identification." T. F. N.'s counsel conceded that T. F. N. had not complied with OCGA § 17-5-54 (c) (3), but argued that the juvenile court could order the return of the phones to him under OCGA § 17-5-54 (c) (2) now that his delinquency prosecution had concluded.

The sole witness at the hearing was a police detective, who testified about the police department's decision to retain possession of the cell phones after T. F. N.'s delinquency prosecution had concluded. According to the detective, the police department was conducting several ongoing criminal investigations in which T. F. N. was a suspect and in which the department anticipated that charges would be filed against him. The detective testified that the police department was retaining the cell phones because of those ongoing investigations.

Following the hearing, the juvenile court entered an order denying T. F. N.'s motion for return of the cell phones on two alternative grounds. First, the juvenile court concluded that T. F. N. had failed to follow the requirements found in OCGA § 17-5-54 (c) (3) for seeking return of the cell phones from the police department, and thus could not show that the department had improperly refused to release the phones to him. Second, the juvenile court concluded that, based on the testimony of the police detective

4

at the hearing, the cell phones could be retained by the department due to the ongoing criminal investigations linked to T. F. N. T. F. N. now appeals the juvenile court's order.

1. T. F. N. contends that the juvenile court erred in concluding that he was required to follow the requirements set out in OCGA § 17-5-54 (c) (3) for seeking the return of seized personal property from a law enforcement agency and in denying his motion for return of the cell phones for failing to follow those requirements. According to T. F. N., OCGA § 17-5-54 (c) (2) required the juvenile court to return the cell phones to him upon the conclusion of his delinquency prosecution, and the procedures found in OCGA § 17-5-54 (c) (3) only apply to third party civilians such as witnesses and victims who are seeking the return of their personal property. Alternatively, T. F. N. argues that even if OCGA § 17-5-54 (c) (3) applies to him, he complied with its requirements. We are unpersuaded.

Chapter 5 of Title 17 of the Georgia Code addresses searches and seizures by the government, and Article 3 of that chapter addresses the disposition of various categories of property after they have been seized. See OCGA §§ 17-5-50 – 17-5-56. Among the provisions found in Article 3, OCGA § 17-5-54 addresses the disposition of personal

property in the custody of a "law enforcement agency" to its "rightful owner."[4]

Subsection (c) of that statute provides in part:

> (1) Except as provided in Chapter 16 of Title 9 [addressing civil forfeiture proceedings], Code Sections 17-5-55 [addressing the disposition of evidence designated as dangerous or contraband by state or federal law] and 17-5-56 [addressing the maintenance of evidence containing biological material], and subsection (b) of this Code section,[5] when a law enforcement agency assumes custody of any personal property which is the subject of a crime or has been abandoned, a disposition of such property shall be made in accordance with the provisions of this Code section.

---

[4] "Law enforcement agency" is defined by the statute as "a law enforcement agency of this state or a political subdivision of this state, including the Department of Natural Resources." OCGA § 17-5-54 (a) (3). "Rightful owner" is defined as "a person claiming ownership of property which is the subject of a crime or has been abandoned." OCGA § 17-5-54 (a) (4).

[5] OCGA § 17-5-54 (b) provides:
This Code section shall not apply to:
(1) Personal property which is the subject of any civil forfeiture proceeding;
(2) Any property which is the subject of a disposition pursuant to Code Sections 17-5-50 through 17-5-53; and
(3) Any abandoned motor vehicle for which the provisions of Chapter 11 of Title 40 are applicable.
T. F. N. does not contend that any of these provisions, including OCGA § 17-5-50, apply under the circumstances of this case.

(2) When a final verdict and judgment is entered finding a defendant guilty of the commission of a crime, any personal property used as evidence in the trial shall be returned to the rightful owner of the property within 30 days following the final judgment; provided, however, that if the judgment is appealed or if the defendant files a motion for a new trial and if photographs, videotapes, or other identification or analysis of the personal property will not be sufficient evidence for the appeal of the case or new trial of the case, such personal property shall be returned to the rightful owner within 30 days of the conclusion of the appeal or new trial, whichever occurs last.

(3) *Any person claiming to be a rightful owner of property shall make an application to the entity holding his or her property and shall furnish satisfactory proof of ownership of such property and present personal identification.* The person in charge of such property may return such property to the applicant. The person to whom property is delivered shall sign, under penalty of false swearing, a declaration of ownership, which shall be retained by the person in charge of the property. Such declaration, absent any other proof of ownership, shall be deemed satisfactory proof of ownership for the purposes of this Code section; provided, however, that with respect to motor vehicles, paragraph (3) of subsection (b) and subsection (f) of this Code section shall govern the return of motor vehicles.

(Emphasis supplied.) OCGA § 17-5-54 (c) (1) - (3).

Relying upon language in the prior version of OCGA § 17-5-54 substantially similar to the language in current subsections (c) (1) and (c) (2), we recently held in *Norman v. Yeager*, 335 Ga. App. 470, 472 (781 SE2d 580) (2016): "Following the conclusion of a criminal prosecution, personal property seized for use as evidence at trial must be returned to its rightful owner, unless the property constitutes contraband or is subject to forfeiture."[6] See also *Baez v. State*, 231 Ga. App. 375, 376 (500 SE2d 339) (1998); *Chappell v. Stapleton*, 58 Ga. App. 138 (198 SE 109) (1938); *Padgett v. Sturgis*, 6 Ga. App. 544 (65 SE 352) (1909). In *Norman*, we applied this rule in the

_____

[6] *Norman* cited to OCGA § 17-5-54 (a) (2013), which provided in part:
(a)(1) Except as provided in Code Sections 17-5-55 and 17-5-56 and subsections (d), (e), and (f) of this Code section, when a law enforcement agency assumes custody of any personal property which is the subject of a crime or has been abandoned or is otherwise seized, a disposition of such property shall be made in accordance with the provisions of this Code section. When a final verdict and judgment is entered finding a defendant guilty of the commission of a crime, any personal property used as evidence in the trial shall be returned to the rightful owner of the property within 30 days following the final judgment; provided, however, that if the judgment is appealed or if the defendant files a motion for a new trial and if photographs, videotapes, or other identification or analysis of the personal property will not be sufficient evidence for the appeal of the case or new trial of the case, such personal property shall be returned to the rightful owner within 30 days of the conclusion of the appeal or new trial, whichever occurs last. . . .
(d) The provisions of this Code section shall not apply to personal property which is the subject of forfeiture proceedings as otherwise provided by law.

circumstance where personal property had been seized for use as evidence in a criminal prosecution and the prosecution had concluded with the criminal defendant pleading guilty to one of the charges. Id. at 471-472.

Notably, however, the requirements included by the General Assembly in current OCGA § 17-5-54 (c) (3) were not present in the prior version of the statute addressed in *Norman*. "All statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it." (Citation and punctuation omitted.) *Botts v. Southeastern Pipe-Line Co.*, 190 Ga. 689, 700-701 (10 SE2d 375) (1940). Thus, "when a statute is amended, from the addition of words it may be presumed that the legislature intended some change in the existing law." (Citation and punctuation omitted.) *Board of Assessors of Jefferson County v. McCoy Grain Exchange*, 234 Ga. App. 98, 100 (505 SE2d 832) (1998). Otherwise, the inclusion of the new language would be treated as mere surplusage, a construction of the statute that clearly should be avoided. *Inland Paperboard & Packaging, Inc. v. Ga. Dept. of Revenue*, 274 Ga. App. 101, 104 (616 SE2d 873) (2005). Given these interpretive principles, we must construe the newly added language of subsection (c) (3) with the other sections of OCGA § 17-5-54 (c) in a manner that harmonizes the various provisions and does not render any of the provisions meaningless or unnecessary. See

9

*City of Buchanan v. Pope*, 222 Ga. App. 716, 717 (1) (476 SE2d 53) (1996) ("[I]t is a basic rule of construction that a statute . . . should be construed to make all its parts harmonize and to give a sensible and intelligent effect to each part, as it is not presumed that the legislature intended that any part would be without meaning.") (citation and punctuation omitted).

Construed in such a manner, under the current version of OCGA § 17-5-54, after the conclusion of a criminal prosecution, any person claiming to be the rightful owner of personal property seized for use as evidence in that prosecution must comply with the requirements set forth in subsection (c) (3). Accordingly, any party claiming to be the rightful owner of the property must make an application to the law enforcement entity holding the property, furnish satisfactory proof of ownership, and present evidence of his or her identity in compliance with subsection (c) (3) before the party can claim that the entity has improperly refused to return the property to him or her in violation of OCGA § 17-5-54 (c) (2).

T. F. N. argues, however, that OCGA § 17-5-54 (c) (3) applies only to third party civilians (such as witnesses and victims) seeking to have their personal property returned to them, not to defendants whose property was seized by the police in connection with his or her criminal prosecution. But in determining whether the

10

requirements found in OCGA § 17-5-54 (c) (3) apply to defendants seeking the return of their alleged personal property, "we must presume that the General Assembly meant what it said and said what it meant. To that end, we afford the statutory text its plain and ordinary meaning[.]" (Citation and punctuation omitted.) *Deal v. Coleman*, 294 Ga. 170, 172 (1) (a) (751 SE2d 337) (2013). And, here, OCGA § 17-5-54 (c) (3) broadly and unequivocally states that it applies to "any person" who claims to be the rightful owner of the personal property at issue and does not carve out an exception for criminal defendants. T. F. N.'s argument for limiting the scope of subsection (c) (3) therefore is unpersuasive, as this Court cannot amend a statute "by interpreting its language so as to change the otherwise plain and unambiguous provisions." (Punctuation and footnote omitted.) *In re Whittle*, 339 Ga. App. 83, 89 (1) (793 SE2d 123) (2016).

Alternatively, T. F. N. argues that even if OCGA § 17-5-54 (c) (3) applies to defendants like himself, he complied with its requirements. According to T. F. N., he satisfied the requirements of subsection (c) (3) by filing a motion in juvenile court seeking the return of the cell phones from the police department and pointing to the undisputed evidence that the phones were taken from his person when he was booked at the detention center. T. F. N.'s argument is misplaced. As an initial matter, T. F. N. never argued in the juvenile court that he had complied with OCGA § 17-5-54 (c) (3);

11

in fact, as previously noted, his trial counsel conceded the opposite at the hearing on his motion for return of the cell phones. Consequently, T. F. N. has waived any argument on appeal that he satisfied the requirements of OCGA § 17-5-54 (c) (3). See *In the Interest of J. T.*, 297 Ga. App. 636, 639 (2) (678 SE2d 111) (2009).

In any event, OCGA § 17-5-54 (c) (3) requires that a party claiming to be the rightful owner "shall make" the application for return of the seized personal property "to the entity holding his or her property," after which "the person in charge of such property may return such property" to the claimant. If the person in charge decides to return the property to the claimant as the rightful owner, the property is then "delivered" to the claimant, who executes a "declaration of ownership, which shall be retained by the person in charge of the property." Id.

Through its plain language and structure, OCGA § 17-5-54 (c) (3) reflects that the initial application for return of seized property must be made directly to the law enforcement agency with custody of the property, after which the agency's property custodian will make the initial decision as to whether a particular claimant is the rightful owner to whom the property should be delivered. Nothing in subsection (c) (3) indicates that this procedural step can be sidestepped by filing an application for return of the property initially with a court.

Indeed, another section of the statute, OCGA § 17-5-54 (e), provides that "[f]or any unclaimed personal property that is not a firearm, the sheriff, chief of police, or other executive officer of a law enforcement agency shall make application *to the superior court* for an order to retain, sell, or discard such property." (Emphasis supplied.) As we have explained, "where the legislature uses certain language in one part of the statute and different language in another, the Court assumes different meanings were intended." (Citation and punctuation omitted.) *Robinson v. State*, 312 Ga. App. 736, 750 (4) (d) (719 SE2d 601) (2011). The language in OCGA § 17-5-54 (e) shows that when the General Assembly intended for an application to be made directly to a court, it said so in express terms in the statute, and we must presume that the absence of similar language in subsection (c) (3) "was a matter of considered choice." (Citation and punctuation omitted.) *Deutsche Bank Nat. Trust Co. v. JP Morgan Chase Bank, N.A.*, 307 Ga. App. 307, 311 (1) (b) (704 SE2d 823) (2010).

Accordingly, OCGA § 17-5-54 (c) (3) requires that a party claiming to be the rightful owner file his or her application directly to the law enforcement agency with custody of the personal property rather than to a court in the first instance. In the present case, the uncontroverted evidence showed that T. F. N. did not file an application directly with the police department for return of the cell phones, and thus never afforded

13

the department an opportunity to evaluate and make a decision regarding his claim before seeking court intervention. The evidence of record therefore undisputedly showed that T. F. N. failed to comply with the requirements imposed by OCGA § 17-5-54 (c) (3) for obtaining return of the cell phones, and thus he could not successfully claim that the police department had wrongfully refused to return the phones to him in violation of OCGA § 17-5-54 (c) (2).

For these combined reasons, the juvenile court committed no error in concluding that T. F. N. was required to and had failed to follow the requirements found in OCGA § 17-5-54 (c) (3) for seeking the return of the cell phones from the police department before seeking court intervention for an alleged violation by the department of OCGA § 17-5-54 (c) (2). The juvenile court therefore properly denied T. F. N.'s motion for return of the phones.[7]

2. T. F. N. also contends that the juvenile court should have granted his motion for return of the cell phones because the police department's continued retention of the

---

[7] Because the juvenile court properly denied T. F. N.'s motion for failing to comply with the requirements of OCGA § 17-5-54 (c) (3), we need not address whether the court properly denied T. F. N.'s motion on the alternative basis that there were ongoing criminal investigations justifying the continued retention of the phones. See *Little v. City of Lawrenceville*, 272 Ga. 340, 342 (2) (528 SE2d 515) (2000) (a trial court order will be affirmed if right for any reason).

phones without obtaining a new search warrant constituted an illegal seizure under the Fourth Amendment to the United States Constitution. T. F. N. failed to raise this constitutional argument in the court below, and the juvenile court did not rule on it. "Because this [C]ourt is a court for the correction of errors, we will not consider matters, even of constitutional magnitude, that were not raised and ruled upon in the trial court." *Walker v. State*, 314 Ga. App. 714, 716, n. 3 (725 SE2d 771) (2012). See *Morris v. Johnson*, 262 Ga. App. 182, 185 (585 SE2d 375) (2003) (appellant waived argument that Fourth Amendment rights were violated, where argument was neither raised nor ruled upon by the trial court).[8]

*Judgment affirmed. McMillian and Mercier, JJ., concur.*

---

[8] Because T. F. N. did not argue in the court below that the police department's continued retention of the cell phones was an illegal warrantless seizure, we do not address whether T. F. N. could have sought return of the cell phones under OCGA § 17-5-30 rather than OCGA § 17-5-54. See OCGA § 17-5-30 (a) ("A defendant aggrieved by an unlawful search and seizure may move the court for the return of property, the possession of which is not otherwise unlawful, and to suppress as evidence anything so obtained on the grounds that: (1) The search and seizure without a warrant was illegal; or (2) The search and seizure with a warrant was illegal because the warrant is insufficient on its face, there was not probable cause for the issuance of the warrant, or the warrant was illegally executed.").