**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 11, 2025**

# In the Court of Appeals of Georgia

A25A0437. CITY OF SNELLVILLE v. SNELLVILLE BEVERAGE STORE DBA BEVERAGE STORE OF LOGANVILLE, LLC et al.

PIPKIN, Judge.

The Superior Court of Gwinnett County entered an order denying Appellant's motion to dismiss Appellees'[1] renewed petition for review filed pursuant to OCGA § 5-3-1 et seq., otherwise known as the Superior and State Court Appellate Practice Act ("SSCAPA"). We granted Appellant's request for interlocutory review of the trial court's non-final order, however, because we do not have jurisdiction to review a non-final order under the SSCAPA, this appeal must be dismissed.

---

[1] Snellville Beverage Store d/b/a beverage Store of Loganville, LLC; Donald Camp; and Dwight Harrison are collectively referred to as Appellees.

The relevant procedural history of this case is undisputed. Appellees sought a license to sell alcohol in the City of Snellville. The City Manager denied Appellees' application; Appellees sought review of this decision from the Mayor and City Council. Both entities affirmed the decision of the City Manager and Appellees filed a petition for review in Gwinnett County Superior Court pursuant to the SSCAPA. Appellant moved to dismiss the petition on procedural grounds; Appellees thereafter voluntarily dismissed their original petition without prejudice and then, the next day, filed a renewed petition for review under Georgia's Renewal Statute. See OCGA § 9-2-21. Appellant filed a motion to dismiss the renewal petition, arguing that Georgia's Renewal Statute does not apply to petitions for review filed pursuant to the SSCAPA. Appellees opposed the motion, and, after hearing arguments from the parties, the trial court denied Appellant's motion to dismiss. Appellant obtained a certificate of immediate review of that order and filed an application for an interlocutory appeal in this Court, which we granted.

"It is incumbent upon this Court to inquire into its own jurisdiction even when not contested by the parties." *Hourin v. State*, 301 Ga. 835, 836-837 (1) (804 SE2d 388) (2017). And to consider the jurisdictional issue present here, we must look to the

plain meaning of the statute. "In so doing, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would." (Citation and punctuation omitted.) *Symphony Med. v. FFD GA Holdings*, 370 Ga. App. 66, 69 (3) (893 SE2d 810) (2023). "Where the statutory text is clear and unambiguous, we attribute to the statute its plain meaning, and our search for statutory meaning generally ends." (Citation and punctuation omitted.) Id. And in reviewing the plain language of the SSCAPA, "we apply the basic rule of construction that a statute should be construed to make all its parts harmonize and to give a sensible and intelligent effect to each part, as it is not presumed that the legislature intended that any part would be without meaning." (Citations and punctuation omitted.) *North American Senior Benefits v. Wimmer*, 319 Ga. 641, 644 (2) (906 SE2d 373) (2024).

The SSCAPA went into effect in July 1, 2023 and replaced the prior state court appellate procedures provided for in OCGA §§ 5-3-1 et seq., and 5-4-1 et seq. See Ga. L. 2022, pp. 767-781, §§ 1-1 through 1-2. As explained by the General Assembly, the SSCAPA provides "a single, modern, and uniform procedure called a 'petition for

review' for appealing a decision made by a lower judicatory to a superior or state court[.]" OCGA § 5-3-2. After filing a petition for review of a judgment of a lower court to a reviewing court, the SSCAPA states, in relevant part, that "the reviewing court shall render a final decision" by doing one of the following: "(A) [e]ntering a judgment upon the petition for review; (B) [o]rdering dismissal of the petition for review; (C) [r]emanding a petition for review back to the lower judicatory with instructions; or (D) [a] combination thereof." OCGA § 5-3-18 (a) (1). "A final decision by the reviewing court under this chapter may be appealed to the appropriate appellate court as prescribed by law." OCGA § 5-3-18 (c).

The statute plainly, clearly, and unambiguously provides that a *final decision* from a reviewing court is subject to appeal to a Georgia appellate court. However, the SSCAPA makes no reference to an appeal of a non-final order to a Georgia appellate court or to the interlocutory appellate procedures of OCGA § 5-6-34 (b). With regard to the lack of a provision expressly providing that a party can seek interlocutory review of an order under the SSCAPA, "we observe that a statute's silence is exactly that: silence." (Citation and punctuation omitted.) *Ferguson v. Spraggins*, 371 Ga. App. 727, 731 (1) (a) (902 SE2d 708) (2024). Indeed, "[t]he principle that a matter not covered

4

is not covered is so obvious that it seems absurd to recite it." (Citation and punctuation omitted.) Id. Moreover, we note that the "final decision" language of OCGA § 5-3-18 did not exist in the now repealed statutes of OCGA §§ 5-3-1 et seq., and 5-4-1 et seq. And, as this Court has previously explained,

> [a]ll statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it. Thus, when a statute is amended, from the addition of words it may be presumed that the legislature intended some change in the existing law. Otherwise, the inclusion of the new language would be treated as mere surplusage, a construction of the statute that clearly should be avoided.

(Citations and punctuation omitted.) *In the Interest of T. F. N., Jr.*, 341 Ga. App. 247, 252 (1) (799 SE2d 591) (2017).

Here, the General Assembly has chosen to limit the appellate jurisdiction of this Court under the SSCAPA by allowing parties to appeal only a final decision of a reviewing court and not an interlocutory order. In this case, the trial court entered an order denying Appellant's motion to dismiss, which is a non-final order. No final decision has been rendered by the reviewing court as required by the statute, and Appellants have not appealed a final decision to this Court. Based on the plain language of the statute, we are without jurisdiction to consider this appeal and, therefore, we must dismiss the case.

This interpretation also comports with the General Assembly's authority to limit our jurisdiction over interlocutory orders because "[o]ur interlocutory appeal statute is not a run-of-the-mill procedural provision. It is a jurisdictional law by which the General Assembly has limited the authority of Georgia's appellate courts to hear certain cases." (Citation and punctuation omitted.) *Paces Funding v. Tillman*, 372 Ga. App. 168, 173 (b) (904 SE2d 18) (2024). Indeed, in regards to an interlocutory appeal, our Supreme Court has explained that "the right of appeal is not absolute, but is one based upon the conditions imposed by the General Assembly for bringing cases to the appellate courts." *Fife v. Johnston*, 225 Ga. 447, 447 (169 SE2d 167) (1969).

Based on the addition of previously nonexistent language into the new statute, we must presume that the 2022 amendments were intended to change the law. And because OCGA § 5-3-18 specifically limits appeals to "final decisions" rendered by the reviewing court, it follows that appeals of interlocutory orders are no longer allowed. See *Board of Assessors of Jefferson County v. McCoy Grain Exchange*, 234 Ga. App. 98, 100 (505 SE2d 832) (1998) (prior law had different meaning because additional language in statute intended to change meaning).

*Appeal dismissed. McFadden, P. J., and Hodges, J., concur*.